Merrimack,
Jan. 4, 1938.

F. GORDON KIMBALL, *State Treasurer*

*v.*

JOHN B. POTTER, *Adm'r.*

*Frank R. Kenison, Assistant Attorney-General* (by brief and orally), for the plaintiff.

*Tilton & Tilton* and *H. M. & G. H. Chase* (of Massachusetts), (*Mr. George H. Chase* orally), for the defendant.

ALLEN, C. J. The statute (P. L., c. 72, s. 1) enacts that property passing by will, inheritance, "or by deed, grant, bargain, sale or gift, made in contemplation of death, or made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor, to any person, absolutely or in trust" shall be taxable with certain exceptions not here involved.

The defendant argues that the transfer here considered took effect in possession and enjoyment when the trust property was delivered to the trustees pursuant to the instrument of trust, and that as such delivery took place in the intestate's lifetime, the gift was not made taxable by the statute.

The argument commands little respect. The view that statutes imposing taxes are, as a matter of course, to be strictly construed, does not have judicial sanction in this jurisdiction. The usual test of statutory construction, to declare what the legislature has meant by the language it has used (*Opinion of the Justices*, 66 N. H. 629, 661), will be found to have been employed, it is believed, in all cases where statutes providing for taxation have been interpreted and was expressly accepted in the recent case of *Young Women's &c. Association* v. *Portsmouth, ante*, 40. ". . . the policy of the state requires the taxation of property as a general rule." *Williams* v. *Park*, 72 N. H. 305, 311. "If the literal meaning of particular words is inconsistent with the general purpose, there is grave reason to doubt whether the literal sense is the sense intended by the legislature." *Trust & Guaranty Co.* v. *Portsmouth*, 59 N. H. 33.

It cannot be sensibly maintained that a gift such as the intestate made was not one intended to be taxed, to meet the purpose of the legislation to prevent the escape from taxation of transfers of property made to accomplish the practical results of succession by inheritance or will. If the transfer here were not taxable, it would be "well adapted to defraud the state" (*Carter* v. *Craig*, 77 N. H. 200, 206), and by the statute it was therefore clearly designed that the transfer should be taxed.

Furthermore, the transfer is taxable under a literal reading of the statute. It is a "gift" . . . intended to take effect in possession or enjoyment at or after the death of the . . . donor, to any person [the

nephews] ... in trust" for them. The possession or enjoyment, within the statutory meaning, is such as is actual and real, and not such as is theoretical or deferred. The taxable right to future possession or enjoyment is intended to be differentiated from a nontaxable transfer where delivery precedes the transferor's death. The statute is as explicit in its subjection of the transfer to taxation as it is of any other transaction stated therein as a taxable transfer.

Statutes in other states with language nearly if not exactly identical with that here enacted have received a like construction, it is believed, in all instances where the question has been presented. The cases are cited in annotations in 49 A. L. R. 864, *sub*. IV, and 100 A. L. R. 1244, *sub*. IV.

It is not thought that any doubt exists of the meaning of the instrument of trust. As to the effect of it, by the statute, P. L. *c*. 72, *s*. 33, the tax is to be assessed "upon the actual market value of the property at the time of the decedent's death." As applied to transfers other than by inheritance or will, the statute clearly means the value of the rights of the tax-payer in the property the possession or enjoyment of which is received by him at that time. The fact that he already had vested or ownership rights is immaterial. It is not the additional value, if any, gained by the death of the grantor or donor that is the tax base, but the full value of the property then delivered in possession or enjoyment. If this were not so, it might be argued in all cases of transfers made by a decedent in his lifetime that the taxable interest of the transferees would have no value. Upon any transfer *inter vivos* the transferee acquires the full value of the property less the value of the rights granted or reserved to others. If such rights expire with the transferor's death, all that the transferee then gains is the removal of an incumbrance of decreasing value during the time from the transfer to the transferor's death, when its last residue of value is lost. Thus the gain of value by death is slight and nominal. But while the transfer is taxed, it is not taxable until it comes into the transferee's possession or enjoyment by reason of the transferor's death, and the statute imposes a tax upon the full value of the property at that time, whether it be more or less than at the time of the transfer. Any other view of the statute would result largely if not wholly in its ineffectiveness to secure its purpose to prevent loss of revenue. As in *Piper* v. *Meredith*, 83 N. H. 107, 109, "Title is not the test of taxability."

*Appeal dismissed.*

All concurred.