

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin 11, Texas

Dear Sir:

Opinion No. 0-6641

Re: Inclusion for inheritance tax
purposes in the gross estate
of the decedent of certain
funds remaining in an irrevo-
cable trust.

In your letter of August 28, 1945, you have requested
an opinion from this office relative to the above subject. This
request is occasioned by a controversy between your office and
the attorney for the involved estate, and there is attached
thereto a letter from the attorney dated July 26, 1945, and a
letter from your representative dated July 31, 1945.

There does not appear to be any disagreement as to
the facts. On February 3, 1927, the decedent executed a trust
for the benefit of his five brothers and his wife, reserving
therein the privilege of changing the relative interests of the
beneficiaries by reducing the interest of some and adding to
that of others. The decedent also reserved "the privilege while
living of requiring the trustee at any time to wind up and dis-
tribute the subject matter of the trust or to make partial dis-
tribution of the trust." The trust instrument directed that
upon decedent's death the trustee should wind up and distribute
the trust as speedily as possible. On April 15, 1929, the de-
cedent exercised the privilege first mentioned and instructed
the trustee to make a "first and last" distribution to his five
brothers, liquidating their entire interest in the trust. Such
instructions were carried out, and thereafter the wife remained
the sole beneficiary of the trust. The decedent died on Decem-
ber 21, 1940. All of the property placed in the trust was at
the time of its transfer community property.

The disagreement as to the inclusion for inheritance
tax purposes in decedent's gross estate of the funds remaining
in the trust arises under Article 7117, V. A. C. S., the perti-
nent part of which is quoted:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, including property passing under a general power of appointment exercised by the decedent by will, including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, whether belonging to inhabitants of this State or to persons who are not inhabitants, regardless of whether such property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification. . . ." (Emphasis added)

The attorney for the estate contends that in order for a transfer to constitute one made or intended to take effect in possession or enjoyment after the death of the grantor or donor, within the meaning of the above-quoted Article, it is necessary that one of the following conditions must obtain: "(1) The grantor or settlor must have reserved an income from the transferred property for his or her life, so that the transfer is not complete until donor's death; or (2) The rights of the beneficiaries must be contingent upon their surviving the grantor or settlor of the trust, in which case it is the death of the grantor or settlor which fixes the rights to take or succeed to the trust estate." Further, the attorney argues that the mere fact that under the terms of the trust the trustee cannot be required to distribute to a beneficiary all, or part, of the trust corpus until a date subsequent to donor's death where the rights of the beneficiary are "fixed and definite" does not operate to convert a transfer to a trustee otherwise completed in all respects prior to donor's death into one made or intended to take effect after the death of the donor.

Honorable George H. Sheppard, page 3

On the other hand, the representative of the Comptroller's Department contends that the fact that the wife's rights had become fixed and definite is not the decisive question but that the fact that possession and enjoyment were withheld until the husband's death or that the husband's death was the event which gave the wife possession and enjoyment should govern.

It has been noted that in support of his proposition that the rights of the wife became "fixed and definite" with decedent's exercise of the above-mentioned privilege, the attorney cites the case of I. H. Burney vs. Commissioner of Internal Revenue (4 T. C. 449). In this regard, it may here be granted that the trust in question was irrevocable. Although this is a material consideration under the Federal Estate Tax Law (Title 26, U. S. C. A., Sec. 811 (d)), it is not important in determining the applicability of the Texas Statute (see infra).

The leading judicial interpretation of the above-quoted statute as it applies to the facts in the instant case was by the Court of Civil Appeals of Austin in Bethea vs. Sheppard (143 S. W. (2d) 997--error refused). From this opinion the attorney has quoted, but not fully. In this case the Court, drawing from the decisions of other states, prescribes a test for taxability under the statute, defines "possession or enjoyment", states the distinction between the Federal Estate Tax Law and the Texas Statute, and treats specifically with an irrevocable trust. Contrary to the attorney's contention that this case is inapplicable here, the following language of the Court is deemed particularly pertinent:

"And in Re Hollander's Estate, 123 N.J. Eq. 52, 195 A. 805, 808, the court states generally: 'The test of taxability is not the time of the complete divesting of the transferor's interest or ownership; it is the time of the complete succession by the transferee. Where there is a transfer of a specific interest in property and the succession of the transferee does not become, and under the terms of the transfer is not to become, complete until a time at or after the death of the transferor, that transfer is taxable. 'The distinction * * * rests on * * * whether the donee is deprived of an interest of some kind * * * until the donor's death."'

Honorable George H. Sheppard, page 4

"See, also, People v. Moses, 363 Ill. 423, 2
N.E. 2d 724; In re Toy's Estate, 220 Iowa 825, 263
N.W. 501; and Kimball v. Potter, 89 N.H. 234, 196
A. 272, 274, wherein the court states that 'the pos-
session or enjoyment, within the statutory meaning,
is such as is actual and real, and not such as is
theoretical or deferred,' and that the tax was to
be assessed on the value of the property at the
death of the decedent.

"We do not regard as necessary a lengthy dis-
cussion of the distinction recognized by the authori-
ties between the federal estate tax and the inheri-
tance or succession tax levied by the various states.
Suffice it to say that the federal estate tax is im-
posed upon the right of grantor of transferrer to
transfer property, and that the inheritance or suc-
cession tax by the State is imposed upon the right
to receive or succeed to the possession or enjoyment
of property. Nor is it necessary to discuss the con-
flict of authorities with respect to the distinction
as to these two forms of taxes. Under the Federal
Estate Tax Law, the primary question to determine is
when the decedent or grantor parted with all property
rights. Under our State Inheritance or Succession
Tax Statute, the primary question is whether the
transfer was made or intended to take effect in pos-
session or enjoyment after the death of grantor or
settlor, particularly in cases of transfer of prop-
erty in trust. It is not a question of when the
beneficial interest is created, but the tax is im-
posed upon the right to receive in possession or en-
joyment after the death of grantor or settlor. In
consequence, a grantor or settlor may create an ir-
revocable trust during his lifetime, still if he
postpones the right of possession or enjoyment of
the beneficiary until after grantor's death, the
property or any interest therein is subject to the
inheritance or succession tax at or after this death.
Under our statute, where either 'possession' or 'en-
joyment' is made contingent upon the death of grantor
or settlor of all or any part of the trust estate,
such transfer is taxable. . . ." (Emphasis added)

It is not deemed necessary to elaborate on the applica-
bility of the above-quoted portion of the Court's opinion to the
facts in the present case. It may be here noted, however, that

193

Honorable George H. Sheppard, page 5

by the terms of the trust the transfer was one "made or intended to take effect in possession or enjoyment" at the election of the settlor. Of the two alternatives available to him, either (1) of requiring the trust to be distributed in whole or in part while living or (2) of postponing its distribution until after his death, the decedent chose the latter. His death was the event which gave the wife the "actual and real" possession or enjoyment sufficient to bring the property within the scope of Article 7117, V. A. C. S.

Accordingly, you are advised that it is the opinion of this office that one-half of the value of the trust as of the date of the death of the decedent is taxable under the Inheritance Tax Laws of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jackson Littleton
Jackson Littleton
Assistant

JL/JCP

APPROVED SEP 23 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN