Hillsborough Probate Court,
No. 4359.

THOMAS J. GAROS, *Ex'r*

*v.*

STATE TAX COMMISSION.

Argued November 4, 1954.

Decided December 15, 1954.

*Philip J. Biron* for the executor, furnished no brief.

*Maurice E. Lemelin,* guardian *ad litem* (by brief and orally), *pro se.*

*Louis C. Wyman,* Attorney General and *Warren E. Waters,* Deputy Attorney General (*Mr. Waters* orally), for the State Tax Commission.

GOODNOW, J. Between 1942 and 1947, John B. Karlaftis, the decedent, became a party to four annuity contracts with two different insurance companies. Under each of these contracts, Karlaftis undertook to pay an annual premium to the company until he reached approximately the age of sixty-five years or until his prior death. The companies agreed that after he reached the age of sixty-five they would pay him a fixed monthly sum until his death. They also agreed that if he should die before the commencement of the monthly payments, they would pay a "death benefit" to persons named by him and designated in the contracts as beneficiaries. Under the contracts, Karlaftis could surrender his policies at any time for a stipulated cash value; could convert the cash value at certain specified times into one of four different types of annuities; and could change the beneficiaries of the death benefits. None of these powers were exercised by him. So far as appears, no physical examination of the decedent was required prior to the making of the contracts. Karlaftis, then domiciled in Manchester, died on August 11, 1953, at the age of fifty-nine and before commencement of any monthly payments to him under any of the contracts. The persons designated in the policies as beneficiaries are not within the class of persons excepted from the succession tax under R. L., c. 87, s. 1.

The question presented is whether the benefits payable under the annuity contracts in question are subject to taxation under R. L., c. 87, as amended by Laws 1951, c. 242, s. 1, which provides: "All property within the jurisdiction of the state, real or personal, and any interest therein, belonging to domiciliaries of the state . . . which will pass . . . by deed, grant, bargain, sale or gift, made in contemplation of death, or made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor . . . shall be subject to a tax."

The beneficiaries under a life insurance policy take, at the time of their designation "a present legal interest in the right to receive" the proceeds of the policy upon the death of the insured. *Barbin* v. *Moore*, 85 N. H. 362, 368. Such an interest is not given or intended "to take effect in possession or enjoyment at or after the death" of the insured and is not taxable under R. L., c. 87, s. 1, as amended. The beneficiaries of the annuity contracts now being considered contend that the interest transferred to them at the time of their designation as beneficiaries is identical with that acquired by beneficiaries under life insurance policies and is likewise not taxable. We cannot support this contention.

The interest which the beneficiaries of an insurance contract acquire at the time of their designation depends upon the terms of the contract and the nature of the rights created by it. Contracts of life insurance differ from most other contracts in that the primary purpose for which they are made is not to benefit the insured but to protect the named beneficiaries against loss accruing to them by reason of the insured's death. The reason that the interest, which the beneficiaries of such a contract acquire upon their designation, is deemed to be a present one lies in the character of the rights and powers granted to the insured by the contract. An insurance company which is a party to such a contract is immediately and at all times during its continuance obligated to pay to the beneficiaries the same fixed sum of money, the amount of which is established by the terms of the contract without reference to the number of years the contract has been in force and premiums paid, subject only to such encumbrances as may exist thereon. "There is no fund in which [the insured] has an ownership which is the subject of his act in designating the beneficiary." *Tyler* v. *Treasurer & Receiver General*, 226 Mass. 306, 309. The right to this amount does not become an instant obligation of the company until the death of the insured. "The insured has no title to the amount due on the policy. He does not and cannot make a gift of that." *Id.*, 309. "All that he had in that respect was a power of appointment, a right to reduce, encumber or destroy the title of the then designated beneficiaries." *Barbin* v. *Moore, supra*, 371.

As between the beneficiaries of a life insurance contract and the representatives or creditors of the insured's estate, the fact that the insured's interest in the proceeds of the policy is no more than a power of disposal has long been recognized by our statute which establishes that "the lawful beneficiary . . . shall be entitled to its proceeds." R. L., c. 327, s. 2. *Barbin* v. *Moore, supra*, 369. By amendment in 1931, (Laws 1931, c. 175, s. 1) this statute was made applicable to endowment as well as life insurance but it has never been expanded to include annuity contracts.

An annuity contract is one "by which the annuitant protects *himself, during his life*, by making an investment which will assure the receipt *by himself*, of an adequate or desired annual sum during his life, with the further assurance that if he should die prematurely, his estate or those whom he desires to receive distribution thereof, will not suffer the loss of the repayment he has himself

not yet received." *Central Hanover &c. Trust Co.* v. *Martin,* 129 N. J. Eq. 186, 193. By the terms of the annuity contracts we are here considering, the companies agreed that until commencement of annuity payments, each contract should have a stipulated cash value the amount of which should be directly dependent upon the number of years the contract had been in force and the amount which had been paid in premiums, and to which the insured would be entitled if he elected to surrender the contract. The companies also agreed that in the event of the annuitant's death during this period, they would pay this same or approximately this same amount to his designated beneficiaries. The right to the amount of the cash surrender value under these contracts was a right possessed by the insured during his lifetime. He "had the control of the money which he had paid in to the society to the extent permitted him under the contract . . . . His position was not unlike that of one depositing a certain amount in a bank which he could withdraw at the end of a certain period, otherwise it was to be paid to such third person as he should designate." *Gregg* v. *Commissioner,* 315 Mass. 704, 706, 707. The day before his death, he could have surrendered his policies and received the amount which is now due to the beneficiaries. This fund, consisting of the cash surrender value, to which he had the immediate right of ownership was the subject of his act in designating the beneficiaries. By his designation of beneficiaries to receive this fund over which he had control, he made a gift of it which "is considered as a transfer made during the lifetime to take effect after death." *State* v. *Miller,* 94 N. H. 74, 76.

The interest of a beneficiary under an annuity contract is not substantially different from that of a beneficiary who is the remainderman under a revocable trust or under one which is irrevocable but as to which both the income and principal may be paid out to the life tenant. See *Kimball* v. *Potter,* 89 N. H. 234. If the transfer of such a fund to the beneficiaries at the death of the annuitant were not taxable, the device of investing substantial sums in such annuities could well be utilized with a view to defrauding the State. *Kimball* v. *Badger,* 93 N. H. 345. "By the statute it was therefore clearly designed that the transfer should be taxed." *Kimball* v. *Potter, supra,* 235.

The fact that the beneficiaries are not domiciled in this state does not relieve the gift from taxation. The annuitant's designation of them as beneficiaries was a gift "intended . to take effect in

possession or enjoyment at or after" his death. "Administrators, executors, trustees, grantees, and donees under a conveyance made during the grantor's life and taxable hereunder, shall be liable for such taxes." R. L., c. 87, s. 51, as amended by Laws 1945, c. 144, s. 9. Provision for collection and payment of the tax in the event that the property so conveyed is without the state is made by R. L., c. 87, s. 57.

The appeal should be dismissed.

*Remanded.*

All concurred.