Strafford County Probate Court
No. 83-011

RUTH B. HOWARTH

v.

THE STATE OF NEW HAMPSHIRE

December 16, 1983

*Michael, Jones & Wensley,* of Rochester (*Danford J. Wensley* on the brief and orally), for the plaintiff.

*Gregory H. Smith,* attorney general (*Marc R. Scheer,* assistant attorney general, on the brief and orally), for the State.

PER CURIAM.  The plaintiff appeals the judgment of the Strafford County Probate Court (*Cassevechia,* J.), affirming the assessment of an inheritance tax on certain death benefits received by the plaintiff as the primary beneficiary of two annuity contracts purchased by her former husband, Charles Holden Howarth. We affirm.

The issue presented before this court is whether the benefits are taxable under RSA 86:6, I, as property passing "by deed, grant, bargain, sale or gift . . . intended to take effect in possession or enjoyment at or after the death of the grantor or donor . . ." where a divorce decree ordered the annuitant, Mr. Howarth, to maintain his former wife, the plaintiff, as the primary beneficiary under the two annuities.

Charles Holden Howarth and Ruth B. Howarth were married on May 13, 1944. On October 1, 1955, Mr. Howarth purchased two annuity contracts: Teacher's Insurance and Annuity Association of

America (TIAA) Policy No. A-097549-8 and College Retirement Equities Fund (CREF) Certificate No. P-022613-9. At the time of the purchase, Mr. Howarth named his wife as the primary beneficiary of any death benefits payable under the contracts. Mr. Howarth retained the right to change the beneficiary of the death benefits. He also retained the right to receive annuity payments upon maturity of the policies, the right to alter the method of payment to himself and the beneficiary of the death benefits, and the right to exercise full control without the consent of the beneficiary.

The Howarths were divorced on July 12, 1979. The parties entered into stipulations that the court incorporated in its decree, including the stipulation that "the plaintiff [Charles H. Howarth] is to designate the defendant [Ruth B. Howarth] as the beneficiary of any and all death benefits arising under TIAA Contract No. A-097549-8 and CREF Certificate No. P-022613-9."

Charles Holden Howarth died on July 29, 1979. Because the policies had not matured, the contracts called for the primary beneficiary to receive death benefits. As a result, Mrs. Howarth received $85,854.64.

By notice of December 21, 1980, the New Hampshire Department of Revenue Administration assessed an inheritance tax of $12,878.19 plus interest on the death benefits received by Mrs. Howarth. The plaintiff appealed the assessment. The Strafford County Probate Court affirmed the assessment of the inheritance tax.

On appeal to this court, the plaintiff argues that the designation by Mr. Howarth of Mrs. Howarth as primary beneficiary was not a transfer under RSA 86:6, I, because it was not voluntarily made. Rather, the plaintiff contends that the designation was mandated by the divorce decree; therefore, she argues, the designation was involuntary, and the benefits are not taxable.

■ In considering her claim, we begin with the provisions of the statute. All property which shall pass ". . . by deed, grant, bargain, sale or gift, made in contemplation of death, or made or intended to take effect in possession or enjoyment at or after the the death of the grantor or donor, to any person, absolutely or in trust, shall be subject to a tax of 15 percent. . . ." RSA 86:6, I. The designation of a beneficiary to receive death benefits under an annuity contract qualifies as a "gift" made by the annuitant. *Garos v. State*, 99 N.H. 319, 322, 109 A.2d 844, 847 (1954). The designation is considered a transfer made during the lifetime of the donor to take effect after the death of the donor. *Id.* As such, the death benefits are subject to the inheritance tax. *Id.*

█ █ The plaintiff concedes that *Garos* would control the result and subject the benefits to tax if the transfer is found to have been voluntarily made. We do not reach the issue whether an involuntary transfer should be treated differently from a voluntary transfer, because the record contains no evidence that the transfer was involuntary. The record shows that Mr. Howarth, upon purchasing the annuities in 1955, voluntarily named his wife as beneficiary. He never changed that designation, though he had the right to do so until July 12, 1979, the date of the divorce decree. Prior to the decree, the parties stipulated that Mrs. Howarth be designated as beneficiary under the policies. The stipulation between the Howarths was an agreement which the divorce decree, in incorporating the stipulation, simply made irrevocable, not involuntary.

█ The *Garos* court indicated that the taxable nature of the death benefits received under an annuity does not turn on revocability, when it made the following observation:

> "The interest of a beneficiary under an annuity contract is not substantially different from that of a beneficiary who is the remainderman under a revocable trust or under one which is irrevocable but as to which both the income and the principal may be paid out to the life tenant. *Kimball v. Potter*, 89 N.H. 234. If the transfer of such a fund to the beneficiaries were not taxable, the device of investing substantial sums in such annuities could well be utilized with a view of defrauding the State."

*Garos v. State, supra* at 322, 109 A.2d at 847.

█ Indeed, assessment of a tax in the instant case is compelled by our result in *Kimball v. Potter*, 89 N.H. 234, 196 A. 272 (1938). In *Kimball*, the court held proceeds received by the beneficiary under an irrevocable *inter vivos* trust taxable where the settlor retained the right to invade the principal and income of the trust. The proceeds received by the beneficiary in *Kimball* were no different from those received by Mrs. Howarth; they flowed from an irrevocable transfer. Further, in both cases, the donor retained enjoyment of the property until his death. In *Kimball*, the settlor could invade the trust; while here Mr. Howarth had the right to the proceeds upon maturity, the right to alter the date of maturity, and the right to alter the method of payment to himself and the designated beneficiary. Therefore, as in *Kimball*, the transfer here is subject to tax. *Cf. Carter v. Craig*, 77 N.H. 200, 201-02, 90 A. 598-99 (1914).

The department of revenue administration properly assessed an inheritance tax on the death benefits received by the plaintiff.

*Affirmed.*

SOUTER, J., did not sit.