Sullivan County Probate Court
No. 86-397

*In re* ESTATE OF HUGH MASON WADE

August 6, 1987

*Stebbins, Bradley, Wood & Harvey*, of Hanover (*John S. Stebbins* on the brief and orally), for the plaintiff.

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief and orally), for the State.

BROCK, C.J.  This case involves the applicability of the New Hampshire inheritance tax to an annuity intended to discharge an after-death alimony obligation. RSA ch. 86. We affirm the assessment against the estate on the total annuity value of $60,757 and hold that where a party's obligation to pay alimony expires at the end of three years pursuant to former RSA 458:19 (1983), and is neither renewed nor extended, any payment to an ex-spouse after such expiration is voluntary and not a debt within the meaning of RSA 86:44 (Supp. 1986).

Hugh Mason Wade and Joan Glassco Wade were divorced on October 1, 1974. Incorporated in the divorce decree was a stipulation of the parties dated September 6, 1974, which required

Mr. Wade to pay Mrs. Wade $7,000 per year for her support and maintenance. Such support and maintenance was to terminate at her death or remarriage, but was to continue after Mr. Wade's death. The stipulation also required Mr. Wade to secure the discharge of his after-death obligation. A separate letter, supplementing the stipulation, outlined three alternative methods of payment available to Mr. Wade to satisfy his after-death liability to Mrs. Wade. Mr. Wade chose to designate Mrs. Wade the beneficiary of an annuity, with payments to begin after Mr. Wade's death. The total value of the annuity payable to Mrs. Wade was $60,757.

Following the death of Mr. Wade on January 6, 1986, the State of New Hampshire issued an assessment against his estate in the amount of $9,113.55 on the annuity value of $60,757. *See* RSA 86:6 (1955) (tax of fifteen percent). This tax on the annuity is an obligation borne by the estate pursuant to Article 13 of Mr. Wade's will. On April 24, 1986, the estate filed a petition with the Sullivan County Probate Court, seeking an abatement of the tax on the annuity to the extent it discharged a support obligation. The Probate Court (*Spanos*, J.) denied the estate's petition and affirmed the tax assessment of $9,113.55. This appeal followed.

The estate argues that the support obligation incurred by Mr. Wade upon his divorce in 1974, and continuing after his death, is a debt within the meaning of RSA 86:44 (Supp. 1986), deductible for purposes of determining the inheritance tax. It maintains that the annuity payable to Mrs. Wade is taxable only to the extent its value exceeded Mr. Wade's support obligation. The parties agree that the date of death value of the right to receive $7,000 under the annuity was $39,763.27. Therefore, the estate contends that if the right to receive $7,000 a year under the annuity is not taxable, the inheritance tax due is $3,149.06 (fifteen percent of $20,993.73). The estate further contends that the use of the annuity to discharge the obligation does not affect the deductibility of the debt.

The State argues that the "so-called" support obligation, stipulated to as part of the Wades' divorce decree, is not a debt deductible pursuant to RSA 86:44 (Supp. 1986) because the estate failed to prove (1) that Mr. Wade received adequate and full consideration for his agreement to pay Mrs. Wade $7,000 per year, and (2) that the support order contained in the divorce decree was renewed or extended by the superior court pursuant to former RSA 458:19 (1983).

The parties concede that an annuity is taxable property under the inheritance tax statute, RSA 86:6, I (Supp. 1986). The estate, however, argues that a support obligation constitutes a debt deductible from taxable property under RSA 86:44 (Supp. 1986). The estate points to RSA 458:19 as the source of Mr. Wade's obligation to pay Mrs. Wade alimony. The version of RSA 458:19 (Supp. 1983) effective at all times relevant to this case provided, however, that if no children were involved, a court order to pay alimony was effective for not more than three years unless such order was renewed, modified, or extended by the appropriate court. *Taylor v. Taylor*, 108 N.H. 193, 194, 230 A.2d 737, 738 (1967); *Morphy v. Morphy*, 112 N.H. 507, 509, 298 A.2d 580, 581 (1972); *Clevesy v. Clevesy*, 118 N.H. 112, 113, 383 A.2d 705, 706 (1978); see Laws 1985, 175:1, eff. Jan. 1, 1986 (section amended generally, three-year provision removed); *Henry v. Henry*, 129 N.H. 159, 161, 525 A.2d 267, 268 (1987) (RSA 458:19 (Supp. 1986) is applicable only to orders based upon divorce decrees entered on or after January 1, 1986). This three-year provision applied even though the original stipulation provided for the continuance of support payments until the recipient spouse's death or remarriage. *See Morphy, supra* at 509, 298 A.2d at 581. While one may question the continued vitality of *Morphy*, such a challenge has not been raised in the case at bar; therefore we will not address the issue.

The parties in the instant case were divorced in October, 1974. No reference was made in the divorce decree or the stipulation to child support or custody; thus we assume no children were involved. For the alimony order to continue in effect past October, 1977, Mrs. Wade would have had to have sought renewal, modification, or extension by the court. *See Clevesy, supra* at 113, 383 A.2d at 706; *Morphy, supra* at 509, 298 A.2d at 581. No evidence is before this court indicating that Mrs. Wade ever requested, or a court ever granted, a renewal or extension of the 1974 alimony order; therefore, the order automatically expired in 1977. Whatever legal obligation Mr. Wade had to pay Mrs. Wade alimony terminated pursuant to former RSA 458:19 (1983). *Morphy, supra* at 509, 298 A.2d at 581–82; *Taylor, supra* at 195, 230 A.2d at 738. That being the case, Mr. Wade's transfer of money after 1977 and the transfer of the annuity to Mrs. Wade were nothing more than voluntary payments on Mr. Wade's part.

In *Howarth v. State*, 124 N.H. 296, 470 A.2d 895 (1983), we considered the taxability of a transaction similar to the one at issue here. In *Howarth*, Mr. Howarth purchased two annuities during their marriage, naming his wife as the primary beneficiary. 124

N.H. at 298, 470 A.2d at 895–96. When the parties were divorced in 1979, the divorce decree adopted the stipulation of the parties that the wife be continued as beneficiary of the two annuities. *Id.* Following her ex-husband's death, Mrs. Howarth challenged the inheritance tax assessment on the two annuities claiming that they were involuntary on Mr. Howarth's part, and therefore not taxable. This court held that the transfer was voluntary and, therefore, taxable. 124 N.H. at 299, 470 A.2d at 896–97. Similarly, in the present case, the annuity is fully taxable. The transfer of the annuity did not satisfy a debt of the estate; rather, it was made voluntarily and gratuitously. Therefore, the "so-called" support obligation cannot be deducted from the estate's taxable property for inheritance tax purposes. RSA 86:44 (Supp. 1986).

Because we hold that Mr. Wade was not legally obligated to Mrs. Wade for alimony after 1977, we need not address the issue as to whether the fact that the alleged debt was satisfied by an annuity affects the deductibility. Finally, we note that the elimination of the three-year provision from RSA 458:19, effective January 1, 1986, Laws 1985, 175:1, limits the precedential value of this case.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.