Cheshire,
Dec. 5, 1950. } No. 3977.

OZINA M. LAMBERT *v.* ROBERT F. LAMBERT & a.

*Arwe & Arwe* for the plaintiff.

*Robert W. Upton* and *William D. Tribble* for the defendants.

KENISON, J. "A promise to render personal services or supervision will not be specifically enforced by an affirmative decree." Restatement, Contracts, s. 379. While some early cases did grant specific performance of contracts for support either directly (*Stillings* v. *Stillings*, 67 N. H. 584) or indirectly (*Hackett* v. *Hackett*, 67 N. H. 424), the rule of the Restatement has been followed in this state for the last twenty-five years and the *Stillings* case has not been cited or followed. Specific performance of contracts of service is not ordinarily decreed. *Kann* v. *Company*, 81 N. H. 535, 541; *McCrillis* v. *Company*, 85 N. H. 165, 167; *Knox* v. *Allard*, 90 N. H. 157, 163; *Allbee* v. *Elms*, 93 N. H. 202; *Swanson* v. *Priest*, 95 N. H. 64, 66.

When disagreement and unfriendly relations supplant understanding and natural affection, courts have recognized the difficulty and in some cases the futility of compelling a continuance of the agreement for life support. The likelihood that the aged grantor will receive the personal support and maintenance she bargained for is so small that equity does not undertake the dubious effort of enforcing it by an affirmative decree. Restatement, Contracts, *s.* 373, *illustration* 2.

It is not disputed that the plaintiff may recover "full and final damages" in an action of law for the total breach of the agreement for life support. Sutherland Damages (4th *ed.*) pp. 243, 244; McCormick, Damages (1935) *s.* 144. An action of trover for conversion of the personal property or replevin for its specific return is likewise available to the plaintiff. The proper objection to the plaintiff's bill is not that relief in equity is sought but that the particular equitable relief of specific performance is demanded. While specific performance cannot be granted, any right to other forms of equitable relief need not be foreclosed. See 5 Williston, Contracts (Rev. *ed.*) *s.* 1456 *n.* 4; Restatement, Contracts, *s.* 354, *illustration* 1.

As the record now stands the ruling of the Presiding Justice sustaining the demurrer was correct. Although the plaintiff is not entitled to the relief she sought, she may amend her pleadings under R. L., *c.* 390, *s.* 9, for such relief in law or in equity as the evidence and the circumstances of the case warrant.

*Exception overruled.*

All concurred.