Merrimack,
No. 5738.

SHIRLEY F. SMITH

*v.*

NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY.

Argued April 4, 1968.
Decided October 1, 1968.

*Frederic T. Greenhalge* (by brief), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* and *Jack B. Middleton* and *Arthur G. Greene* (*Mr. Greene* orally), for the defendant.

PER CURIAM. Action to recover amounts claimed to be due for accident benefits under a "Plan for Employees Pensions, Disability Benefits and Death Benefits" instead of sickness benefits as determined by a committee provided for by the plan.

Defendant's motion to dismiss on the ground that the committee's determination is conclusive was denied by the Trial Court. The defendant's exception to the ruling was transferred by *Bownes, J.*

The defendant established the "Plan" in 1913. It is financed entirely at the defendant's expense without contribution by the employees. It provides greater benefits for disability resulting from accident than for that resulting from sickness. By section 3( 3 ) the committee, composed entirely of vice presidents of the defendant, appointed by its board of directors, is given authority to "determine conclusively for all parties all questions arising in the administration of the Plan."

The plaintiff who had been employed for 19 years by the defendant had received sickness disability benefits under the plan from February 1964 to February 1965 and since then has

received a sickness disability pension also under the plan. Plaintiff requested that she be awarded accident disability benefits rather than sickness disability benefits. Her request was denied by the committee. Her declaration alleges that the committee "wrongfully" paid and continues to pay her sickness benefits.

The plaintiff states in her brief that the central issue is "whether she has a right to litigate what she considers the arbitrary and capricious refusal of the Committee to award her accident disability benefits." We confine our opinion to this claim.

We hold section 3(3) of the plan does not bar an employee from seeking relief in the courts from arbitrary and capricious action by the committee. See Annot. 42 A. L. R. 2d 461.

At the hearing on the motion to dismiss the Trial Judge asked counsel for the plaintiff if he had any evidence of "malicious, capricious or arbitrary or wrongful conduct on the part of the board." Counsel replied that the only evidence he had was that "the board was notified of the medical ground for the claim and disregarded it."

After counsel for the defendant stated that the board considered the medical evidence presented but rejected it the Court then stated: "So that your only evidence, and I want to make this clear now, for the record, your only evidence as to wrongful conduct on the part of the board would be the board's decision that this was a sickness injury or a sickness disability benefit rather than an accidental injury benefit, after they had been informed of the medical opinion of Mrs. Smith's doctor is that correct?" To which counsel for the plaintiff replied: "Yes, plus the fact that the effect of section 3 paragraph 3 is to deprive Mrs. Smith of all her legal remedies."

It seems clear to us that plaintiff's evidence would show only that the board considered but was not persuaded by the medical evidence rather than that it ignored or disregarded it. Such evidence falls short of showing arbitrary or capricious action by the board and the motion to dismiss should have been granted.

*Exception sustained; judgment for the defendant.*

GRIFFITH, J., did not sit.