**Andrea DePAOLI, Appellant,**

v.

**W. A. BOYLE et al.**

**No. 24558.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 15, 1971.

Decided June 25, 1971.

Mr. Robert C. Handwerk, Washington, D. C., for appellant.

Mr. Harold H. Bacon, Washington, D. C., with whom Messrs. Welly K. Hopkins and Joseph T. McFadden, Washington, D. C., were on the brief, for appellees.

Messrs. Julian H. Singman, Orlin L. Livdahl, Jr., and Martin Shulman, Washington, D. C., filed a brief on behalf of Bradley Belcher, et al., as amici curiae.

Before FAHY, Senior Circuit Judge, and MacKINNON and WILKEY, Circuit Judges.

PER CURIAM:

This is another in a series of cases involving disappointed pension claimants of the Welfare and Retirement Fund, United Mine Workers of America. The pension applicant and appellant here alleges he has spent 41 years in the coal industry, and in his application for pension filed with the trustees he set forth details regarding his last 29 years of such employment. The trustees denied his application on the ground that "applicant has not established proof of employment as an employee for one full year for an operator signatory to a National Bituminous Coal Wage Agreement immediately prior to retirement."[1]  In

---

1. The trustees based this conclusion upon findings that "[d]uring his last period of employment, immediately prior to retirement, applicant's employment with

their denial of the pension, the trustees added, "[e]vidence in file also shows applicant has not established proof of twenty years' classified employment in the coal industry." [2] Essentially, this denial was based on the standards established by Trustees' Resolution No. 63 of 4 January 1965. [3] On undisputed facts the District Court granted the trustees' motion for summary judgment. On the basis of our decisions in Roark v. Boyle [4] and Collins v. United Mine Workers of America Welfare and Retirement Fund, [5] decided together, we reverse and remand to the District Court.

According to affidavits submitted to the trustees and the allegations in his complaint, appellant began work in the coal mines in 1923, and thus would have accumulated 20 years' service by 1943. From January 1946 to September 1954 he undeniably worked for employers signatory to the National Bituminous Coal Wage Agreement of 1950. Because of depressed conditions in the coal industry he became unemployed, and in January 1955 he and his brother signed a so-called "agreement and lease" with the New Shawmut Mining Company, one of his former employers (a signatory to the Agreement), by which he and his brother undertook work as machine cutters and loaders, the same functions they had performed before. [6] However, the Agreement and Lease was signed in the name "DePaoli Bros. Coal Company," allegedly at the suggestion of a bank. There was never any partnership agreement. Appellant and his brother signed in the same name the National Bituminous Coal Wage Agreement and became contributors to the Welfare and Retire-

---

the De Paoli Brothers Coal Company was not as an employee," and "the DePaoli Brothers Coal Company was not signatory to the National Bituminous Coal Wage Agreement as required by Trustee regulations."

2. After DePaoli had been denied a pension, his attorney corresponded with the trust fund in an attempt to show by affidavit and documentary evidence that DePaoli had been employed in the coal industry since 1923 for a total of 41 years, more than twice the 20 years' employment required for pension. In answer, the executive assistant to the director of the trust fund wrote that "there would be no point in Mr. DePaoli's attempting to establish twenty years' service as an employee" since the DePaoli Coal Company was not signatory to National Bituminous Coal Wage Agreement for some time prior to DePaoli's retirement, signatory last employment being required under Resolution No. 63 as a condition precedent to qualifying for pension benefits. It would appear, therefore, that the trustees chose at that point to rely on the signatory last employment requirement to justify denial of pension in this case; indeed, in the court below it was admitted that DePaoli met the twenty-year service requirement.

3. Resolution No. 63 reads, in pertinent part:

SEVENTY-EIGHTH MEETING OF THE BOARD OF TRUSTEES OF THE UNITED MINE WORKERS OF AMERICA WELFARE AND RETIREMENT FUND OF 1950, JANUARY 4, 1965

* * *

I. ELIGIBILITY

A. An applicant who subsequent to February 1, 1965 permanently ceases work in the bituminous coal industry as an employee of an employer signatory to the National Bituminous Coal Wage Agreement of 1950, as amended, shall be eligible for a pension if he has:

1. Attained the age of fifty-five (55) years or over at the date of his application for pension.

2. Completed twenty (20) years' service in the coal industry in the United States, as described in paragraph II A hereof.

3. Permanently ceased work in the coal industry immediately following regular employment for a period of at least one (1) full year as an employee in a classified job for an employer signatory to the National Bituminous Coal Wage Agreement, as defined in paragraph II B hereof.

4. 141 U.S.App.D.C. 390, 439 F.2d 497 (1970).

5. 141 U.S.App.D.C. 387, 439 F.2d 494 (1970).

6. For Shawmut Mining Company alone he worked from January 1937 to December 1945; for New Shawmut Mining Company from January 1946 to September 1947.

ment Fund of the United Mine Workers of America in the names of Andrea DePaoli and Joseph DePaoli. From 15 February 1955 to 20 March 1961 the two individuals paid a total of $4,789.88 into the Welfare and Retirement Fund. They discontinued contributions when they were informed by representatives of the Fund that their contributions would not earn them any credit for their pensions, since under the terms of their "agreement and lease" with the New Shawmut Mining Company they were individual contractors and not employees of Shawmut. The so-called DePaoli Bros. Coal Company had no employees, unless the two brothers themselves be considered as employees.

Thus the trustees of the Welfare and Retirement Fund, appellees herein, take the position that the appellant Andrea DePaoli is not entitled to a pension because under Resolution No. 63 of 4 January 1965 he did not spend his last full year as an employee in a classified job for an employer signatory to the National Bituminous Coal Wage Agreement, but rather was self-employed. Surprisingly, neither at the time the appellees' representative notified the two brothers that, because they were self-employed, they could not obtain a pension by continuing to make their contributions to the Fund, nor subsequently did the appellees' representatives offer to return the $4,789.88 which the two brothers had contributed following their signature of the Agreement on the assumption that they would be eligible for a pension by making contributions. And in an amended answer to the complaint as well as in oral argument on this appeal counsel for appellees contended that the six and three-year statutes of limitations in Pennsylvania [7] and the District of Columbia,[8] respectively, would bar any recovery of the funds paid by the brothers on the ground of mistake or unjust enrichment, the latter of which was pleaded in the District Court, but

apparently also disposed of adversely to the appellant on the motion for summary judgment.

While we might look through the so-called "agreement and lease" between the DePaoli brothers and New Shawmut Mining Company, and find that in truth and in fact the two brothers, since they continued doing precisely the same work they had been doing on the mining property of Shawmut, were actually employees of Shawmut (a signatory to the coal wage Agreement), and find that the supposed contract relationship was a sham to disguise the true position of the DePaoli brothers as employees of Shawmut for the purpose of evading certain fringe benefit requirements, yet we prefer to place the reversal and remand to the District Court squarely on our decision in Roark v. Boyle, *supra*. DePaoli stands in the same position in regard to the signatory last employment requirement invalidated in *Roark* as did Roark and the other parties to that case and, perhaps more significantly, in the same position as the pension claimant in Collins v. United Mine Workers of America Welfare and Retirement Fund, *supra*, decided together with *Roark*. DePaoli had already filed his pension claim and his case in the District Court when *Roark* was decided.

In *Roark*, although invalidating the signatory last employment requirement, we considered that newly established, valid eligibility requirements might possibly include also a requirement of signatory last employment, which might be made wholly prospective, but in the discretion of the trustees might be retroactive for the purpose of validating past retirements. Likewise, we suggested, "Similarly we think such provisions may be made applicable to applications heretofore rejected and subsequently presented for reconsideration," [9] a category in which DePaoli falls. Thus, this court's *Roark* opinion was an invitation to the trustees to adopt new eligibility

---

7. 12 Purdon's Pennsylvania Statutes § 31.

8. 12 D.C.Code § 301.

9. 141 U.S.App.D.C. 390, 401, 439 F.2d 497, 508 (1970).

regulations, which might contain the signatory last employment requirement in a validating context, and if such were fair and equitable, might make such new eligibility regulations applicable to persons like DePaoli whose pensions had been previously denied.

But in fact the trustees have not so acted to establish a "validating context" for the signatory last employment requirement as applied to past pension denials. On 14 January 1971 the trustees did adopt Resolution No. 83, revising the basic eligibility requirements for a pension, to be effective 1 April 1971. However, Resolution No. 83 provides that pension applications received *prior to* the effective date will continue to be governed by Resolution No. 63, which of course contains the signatory last employment requirement found invalid and inequitable in *Roark*.[10] Under Resolution No. 83 *only* applications received *after* 14 August 1970, the date of our *Roark* decision, and hitherto denied under the terms of Resolution No. 63, may be reconsidered under Resolution No. 83.[11]

Thus, the new Resolution No. 83 makes no provision whatsoever for persons such as DePaoli who, like Roark and Collins, had filed before 14 August 1970 and had been denied pensions on the basis of the signatory last employment requirement declared unlawful in the *Roark* case.[12] The net result of the trustees' action is not to accept the invitation of the court to make the new eligibility requirements retroactive in an equitable and valid context, as in their discretion the trustees might have done, but specifically [13] to promulgate as far as DePaoli and others similarly situated are concerned the very eligibility requirements struck down in *Roark*. Insofar as pension applications filed prior to *Roark* are concerned, the trustees will still use the signatory last employment requirement of Resolution No. 63 to deny pensions to persons such as DePaoli, who may have worked 41 years in the coal industry and over 8 years for admitted signatory operators since contributions to the Fund began on 29 May 1946, while awarding pensions to persons whose sole signatory employment might have been the last year before retirement.

To sustain the summary judgment of the District Court and the position of the trustees here would be to deny DePaoli and pension applicants similarly situated their pensions solely on the basis of an eligibility requirement already

---

10. Resolution No. 83 reads, in pertinent part:

    ONE HUNDRED THIRD MEETING OF THE BOARD OF TRUSTEES OF THE UNITED MINE WORKERS OF AMERICA WELFARE AND RETIREMENT FUND OF 1950, JANUARY 14, 1971

    * * *

    VI. EFFECTIVE DATE

    * * *

    B. Applications received in the office of the Trust Fund before April 1, 1971, shall be subject to, and governed by, the regulations in effect on the date of receipt of such applications.

    The "Notice to Beneficiaries," sent out by the trustees 26 January 1971, states that "[a]pplications received by the Trust Fund before April 1, 1971, and applications already received by the Fund and not acted upon, will be processed in accordance with Trustee regulations currently in effect."

11. Article VI C of Resolution No. 83 states:

    C. Applications received in the office of the Trust Fund during the period August 14, 1970, through March 31, 1971, which do not satisfy the requirements of regulations in effect during that period, shall be reviewed subject to the terms of this Resolution.

12. Roark's and Collins' eligibility problem was that they worked their last years in the industry for a non-signatory coal operator; DePaoli's is that he was allegedly self-employed in the coal industry. The result under Resolution No. 63, with its requirement of employment with a signatory operator for one year prior to retirement, was to disqualify each for a pension.

13. Resolution No. 83, § VI B & C, *supra*, nn. 9 & 10.

**338**

found unlawful, and to bar them any other legal relief while new Resolution No. 83 perpetuates the same basic injustice. In the language of our opinion in *Roark*, "We conclude that relief to the party before us should not be limited to reconsideration of his application under revised eligibility requirements."[14] Those revised requirements will avail him nothing. He had filed his application prior to our decision in *Roark*, he has been denied a pension on the very eligibility requirement struck down in *Roark*, and, like Roark and Collins, he deserves the same relief.

As in Lavella v. Boyle,[15] recently decided here, for some inexplicable reason appellant did not make a motion for summary judgment on what appeared to be undisputed facts in the trial court, hence we are not in position to decide this case finally on this appeal. Therefore, we reverse the grant of summary judgment for appellees and remand the cause for further proceedings not inconsistent with this opinion.

So ordered.

14. 141 U.S.App.D.C. 390, 402, 439 F.2d 497, 509 (1970).

15. 144 U.S.App.D.C. 35, 444 F.2d 910 (1971).