Rockingham
No. 7115

WALDO R. MAYHEW

v.

NEW ENGLAND TEAMSTERS
AND
TRUCKING INDUSTRY PENSION FUND

October 31, 1975

*Shaines, Madrigan & McEachern* and *Gregory D. Robbins (Mr. John H. McEachern* orally) for the plaintiff.

*Coolidge, Cullinane & Cullinane (Mr. Clyde R. Coolidge* orally) for the defendants.

GRIFFITH, J. This is an action seeking to recover from the defendants payment of past-due pension benefits as well as reinstatement of certain benefits due the plaintiff from the defendant fund. Trial before a Master, *Leonard Hardwick,* Esq., resulted in findings in favor of the plaintiff which were approved by the Trial Court, *Morris,* J., who reserved and transferred the defendant's exceptions.

Walter Mayhew, a member of the Teamster's Union since June 1, 1944, applied for pension benefits from the defendant pension fund upon his retirement on January 1, 1970. He had been a dues-paying member of that union in good standing during that period. He had worked for the Orville C. Badger Company of Portsmouth, New Hampshire from 1946 to 1951. In the fall of 1951, Orville C. Badger took Walter Mayhew and other employees to the First National Bank of Concord where Mayhew and other employees executed promissory notes for the purchase price from Badger of the tractor portion of their vehicles. The notes provided for payment over a time period and were endorsed by Orville C. Badger. Payments on the note to the bank were made by Badger with amounts deducted each week from Mayhew's pay to reimburse Badger. From 1952 to 1967, Badger performed all the trucking for National Gypsum Company in the New England area with the

plaintiff and eighteen other truck drivers leasing their tractors to Badger and driving exclusively for Badger who furnished the trailers. The master found that Mayhew was an employee of Badger during this period, a finding which had been made by the National Labor Relations Board and is not seriously contested by the defendants.

The terms of the pension plan provided that the trustees should be the sole judges of the right to a pension and the standard of proof required. The trustees extablished as the sole criteria for determining the existence of an employer-employee relationship the payment or nonpayment of social security taxes by the alleged employer. Solely on the basis that Badger paid no social security taxes for the plaintiff during the period in question, the trustees found the plaintiff was not an employee for the requisite period to entitle him to retirement benefits. The master found that the decision of the trustees so determined was an abuse of discretion and unreasonable and capricious. The findings and rulings of the master on this issue are sustained by the evidence and the law.

The provision in the pension plan that purports to give the trustees unfettered discretion to determine eligibility for pensions, including the standards for factual determinations, does not oust the courts of jurisdiction when it appears that the action of the trustees was arbitrary or capricious. *Smith v. New England Tel. & Tel. Co.,* 109 N.H. 172, 173, 246 A.2d 697, 698 (1968); *Connell v. United States Steel Corp.,* 371 F. Supp. 991, 999 (N.D. Ala. 1974); *Hayes v. Morse,* 347 F. Supp. 1081, 1086 (E.D. Mo. 1972), *aff'd,* 474 F.2d 1265 (8th Cir. 1973); *Ruth v. Lewis,* 166 F. Supp. 346, 349 (D.D.C. 1958); 90 C.J.S. *Trusts* § 261 (1955); Goetz, *Developing Federal Labor Law of Welfare and Pension Plans,* 55 Cornell L. Rev. 911, 936 (1970).

In defending the reasonableness of determining the employer-employee relationship solely on the basis of whether the alleged employer paid social security taxes the defendant in effect asserts it was a reasonable rule of thumb. "The trustees' desire to use a standard which facilitates administration of the fund is understandable, but the magnitude of an applicant's interest merits more thorough examination." *Scheuer v. Central States Pension Fund,* 358 F. Supp. 1332 (E.D. Wis. 1973). The *Scheuer* case involved truck drivers with an arrangement similar to that of Badger and the plaintiff. The court there held that to determine the employer-employee relationship on the basis of social security taxes paid was an arbitrary and capricious decision of the trustees when they ignored the reality of the relationship. *Id.*

The failure of the pension fund agreement to include the common-law definition of employer-employee status does not permit the trustees to close their eyes to the true relationship. The rule of thumb adopted by the trustees delegated the decision to the employer whose self-interest dictated avoidance of the social security tax. The master found that evidence available to the trustees was such as to establish that the social security records presented a false picture of the relationship of Badger to the plaintiff and that the trustees' decision was unreasonable and capricious in disregarding the reality of the situation. The evidence supported this finding and the ruling was correct. *Scheuer v. Central States Pension Fund supra; DePaoli v. Boyle,* 447 F.2d 334 (D.C. Cir. 1971); *Roark v. Boyle,* 439 F.2d 497 (D.C. Cir. 1970); *Thomas v. Kennedy,* 387 Pa. 636, 130 A.2d 97 (1957); *see* 29 U.S.C. § 186 (c) (5) (Supp. 1975).

The allowance of the amendment to the pleadings to conform them to the proof was within the discretion of the trial court. RSA 514:9 (1974); *Lambert v. Lambert,* 96 N.H. 376, 77 A.2d 34 (1950); *Mansfield v. Finance Corp.,* 99 N.H. 352, 111 A.2d 322 (1955).

*Exceptions overruled.*

DUNCAN, J., did not sit; the others concurred.