Hillsborough, }
June 4, 1935. }

FRED D. BROWN & a. v. LENA MAE BROCKWAY, *Ex'x.*

*Wason, Guertin & Leahy (Mr. Guertin* orally), for the plaintiff.

*Samuel T. Holmgren* and *Doyle & Doyle (Mr. Robert J. Doyle* orally), for the defendant.

PER CURIAM. The statute (P. L., c. 302, s. 8) requires the leave of court to further prosecute an action pending against a defendant who has died and whose estate is administered in the insolvent course. The plaintiff disclaims any right to satisfy from the decedent's estate any judgment he may obtain, and he depends wholly

upon the sheriff's bond for satisfaction. He cannot bring suit upon the bond except upon a judgment as the cause of action. P. L., c. 37, s. 10. In this situation, as matter of law, the plaintiff is entitled as against the defendant to receive leave to proceed with his action. It is too late to make the sheriff a party to the action, but the bond is security for the wrongs of his deputies as well as for his own. Since recovery upon the bond is ultimately sought, the obligors thereon are entitled to notice and an opportunity to appear and defend the action before leave to prosecute it further is granted.

The statute of limitations did not bar the amendment. Amendments of substance may be permitted "in any stage of the proceedings." P. L., c. 334, s. 9. They have retroactive effect so far as justice requires. The action was brought within the prescribed time, and when brought it became amendable at any time during its pendency.

*Exceptions overruled.*