Hillsborough, Feb. 3, 1942. } No. 3265.

JESSIE L. BRADLEY *v.* FREDERICK W. BRADLEY.

*Barnard & Barnard (Mr. Charles H. Barnard* orally), for the libelee.

*Omer H. Amyot,* by brief and orally, for the libelant.

BRANCH, J. Laws of 1937, chapter 154, which was passed in amendment of Public Laws, chapter 287, section 16, provides that "Upon a decree of nullity or divorce, the court may order him [the husband] to pay such sum of money, as may be deemed just, provided that in cases in which no children are involved, or in which the children have reached the age of majority, said order shall be effective for not more than three years from the date thereof, but such order may be renewed, modified or extended if justice requires for periods of not more than three years at a time."

The libelant contends that this statute requires that the order for monthly payments be rescinded. We are told that "The whole legislative history of the statute indicates the intention of the legislature to limit the ordering of allowances, except in the limited exception provided in the statute and in those cases in which extreme hardship other than financial loss might be sustained by one of the parties." We find nothing in the language of the statute or in its legislative history which indicates a purpose on the part of the legislature to limit the power of the court to make orders for support in divorce proceedings except in the matter of duration. No limitation to cases of "extreme hardship other than financial loss" is perceived. The effect of the statute is to bring up such orders for reconsideration every three years, but the power of the court to make such orders "as may be deemed just" is in no way limited. Here, at the end of the statutory period, the matter was properly reconsidered by the court and the libelee was given substantial relief. The situation of the libelant, as reported by the probation department, fully justified the order for further payments in the sum of $30 per month.

*Exception overruled.*

All concurred.