Rockingham,
Dec. 2, 1952. } No. 4144.

THELMA E. MAUZY *v.* HENRY S. MAUZY.

*Hughes & Burns* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the petitioner.

*John W. Perkins* and *Everett P. Holland* (*Mr. Holland* orally), for the petitionee.

KENISON, C. J. After the petition for legal separation was filed in court and served on the husband, the court had jurisdiction of the parties and the subject matter (R. L., *c.* 339, *ss.* 4, 5) and had statutory authority to issue temporary orders of custody, allowance and restraint. R. L., *c.* 339, *ss.* 14, 25. The petitionee did not question the jurisdiction of the court and filed "no brief statement or special plea." Superior Court rule 21, 93 N. H. appendix. In effect he recognized the case as being in court, requested a continuance and thereby made a general appearance. See *White* v. *White*, 60 N. H. 210; anno. 81 A. L. R. 166. The fact that the petitionee did not file a formal appearance blank with the clerk of court does not change this result. He had the statutory right to appear without counsel if he chose to do so and could defend the petition for legal separation in his own behalf. R. L., *c.* 381, *s.* 1; *Lamarre* v. *Lamarre*, 84 N. H. 441, 444.

Since the court acquired jurisdiction of the separation petition in the first instance, proceedings subsequent to the order for temporary allowance and custody were a continuation of the original litigation. *Cowles* v. *Cowles,* 80 N. H. 530; *Bussey* v. *Bussey,* 94 N. H. 328, 330. Jurisdiction of the original proceedings carried with it the authority to modify the original orders and to hear the case on its merits on such notice as was reasonable under the circumstances. *Vezina* v. *Vezina,* 95 N. H. 297; R. L., *c.* 339, *s.* 12. While the Trial Court has broad authority to determine the nature and extent of notice in matrimonial causes as the circumstances of the case may require (*Chase* v. *Chase,* 61 N. H. 123; R. L., *c.* 339, *s.* 8), notice and an opportunity to be heard on the merits cannot be denied altogether. *Cf. Webster* v. *Webster,* 95 N. H. 416; Restatement, Judgments, *s.* 6, *comments* (a), (f).

Whether the dismissal without prejudice of the petition for legal separation (*Easter* v. *Easter,* 75 N. H. 270) for lack of prosecution by the petitioner (Superior Court rule 132, 93 N. H. appendix) calls for notice to the opposing party is a relatively minor aspect of this case. Assuming, without deciding, that it was not necessary (3 Nelson, Divorce and Annulment (2d *ed.*) *s.* 27.02) we are faced with the proposition that the hearing on the merits was held without notice to the petitionee. While personal service such as would give jurisdiction in a new proceeding was not required, some reasonable notice of the hearing on the merits was a requisite to a final judgment issued under the continuing jurisdiction of the court. *Hubley* v. *Goodwin,* 90 N. H. 54, 56; anno. 168 A. L. R. 232. Although the petitionee made no objection to the temporary orders of the court, this was not inconsistent with his right to notice and an opportunity to be heard on the merits. R. L., *c.* 390, *s.* 14; I Merrill, Notice (1952), *ss.* 523, 531.

The petitionee, at the present time appearing by counsel, now argues only that "the petitionee is entitled to his day in court and to reasonable notice as to when that day shall be." For that purpose the decree of legal separation is vacated and the order is

*Exception sustained.*

All concurred.