6

Rockingham,
No. 5370.

MARY FRANCES STALTARE & a.

v.

GRANITE STATE FIRE INSURANCE COMPANY & a.

Argued December 7, 1965.
Decided January 31, 1966.

*Flynn, Powell & McGuirk* and *Raymond P. Blanchard (Mr. Blanchard* orally), for the plaintiffs.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Robert E. Dastin (Mr. Dastin* orally), for the defendants.

DUNCAN, J. RSA 514:9 provides in part that amendments "in

matters of substance may be permitted in any action . . . when it shall appear to the court that it is necessary for the prevention of injustice . . . ." The defendants in support of their exceptions argue that while our system of pleading and practice is regarded as "liberal" and free from technical rules, "we have not advanced to the stage where liberality dictates that a party must defend in one action, two separate and distinct controversies not arising out of the same transaction." They recognize the plaintiffs' right "to bring the actions that they have against the defendant . . . companies." No claim is made that the actions may not be rightly understood. *Cf. Porter* v. *Dziura*, 104 N. H. 89. They urge however that the Trial Court erred because the causes alleged do not meet the standard for the consolidation of actions laid down by *Tinkham* v. *Railroad*, 77 N. H. 111 as to "what on the whole justice requires," and because the distinct issues presented by the new counts would unduly complicate the issues and confuse a jury, to the prejudice of the defendants.

The record indicates that the counts presented by amendment relate to the same contracts which give rise to the original actions. The record permits no determination of the extent to which evidence with respect to the alleged windstorm loss would be material upon trial of the counts alleging wrongful cancellation of the policies, the terms of which are not before us. The order of the Court to which exception was taken did not purport to determine the extent to which the issues between the parties should be decided in a single trial. So far as appears, it merely determined that justice does not require that the plaintiffs be required to bring new suits to present their additional causes of action. See Annot. 68 A.L.R. 2d 1372, 1375-1376. In this determination we see no abuse of discretion.

The defendant however regards the order granting the motion to amend as a determination that the "several actions . . . be tried together"; and in oral argument stated that this issue was argued before the Trial Court at the hearing on the motion to amend. If in fact the order on the motion was understood by the Court and the parties to require consolidation of the counts for trial, the record before us, which contains no transcript of the hearing, affords no basis for holding such an order erroneous as a matter of law. *Pike* v. *Scribner*, 101 N. H. 314. See *Allbee* v. *Elms*, 93 N. H. 202, 204.

*Exceptions overruled.*

All concurred.