Merrimack,
No. 5610.

OLIVE L. TAYLOR *v.* HERBERT L. TAYLOR.

Argued May 2, 1967.
Decided June 30, 1967.

*George P. Cofran* and *Donald A. Ingram* ( *Mr. Ingram* orally ), for Olive L. Taylor.

*Samuel T. Holmgren* ( by brief and orally ), for Herbert L. Taylor.

GRIMES, J. The parties were divorced on Olive's cross libel by decree dated January 5, 1956 which included by stipulation an order that Herbert pay $40 per week toward her support. Since children were not involved, the order was limited by RSA 458:19.

Prior to said decree, Herbert signed a supplemental agreement as follows:

"Supplementing the stipulation which I have this day signed in the above entitled matter, subject to the approval of the Court, I further agree to pay the sum of forty dollars ( $40.00 ) a week to Olive L. Taylor for her support for and during her lifetime or until her remarriage.

"This agreement is made with the full knowledge that the agreement made in the stipulation is only for a three year period, and it is intended to assure support of the said Olive L. Taylor for the rest of her life or until her remarriage. This agreement is to terminate on my death. "

This agreement was not submitted to the Court until the hearing on the present petition. Herbert has paid the $40 per week ever since, but in 1965 he filed an application for modification of the order for alimony.

After hearing, the Court ( *Dunfey*, J. ) after ruling that the supplemental agreement was not binding on the Court and that the provisions of RSA 458:19 are applicable to the original decree, found that while the change in Herbert's circumstances have been " substantial are not of such magnitude to afford the relief sought " and ordered Herbert to " continue at this time the support payments he knowingly and willingly agreed to pay. "

The case is transferred to us on the exceptions of Herbert to the rulings of the Trial Court.

RSA 458:19 provides that if there are no children involved, orders for the support of the wife " shall be effective for not more than three years from date thereof, but such order may be renewed, modified or extended if justice requires for periods of not more than three years at a time. " Since divorce is statutory, the Court has only such power in this field as is granted by statute. *Stetson* v. *Stetson*, 103 N. H. 290. The order for support in this case therefore, not having been " renewed, modified or extended " expired at the end of three years.

When the supplemental agreement was entered, divorce proceedings were already pending and it is not suggested that

Olive did not have a cause for divorce. The agreement appears to have been the result of the same negotiations and based upon the same consideration as the stipulation in accordance with which the decree of January 5, 1956 was entered. The fact that it was not included in the stipulation or otherwise submitted to the Court does not affect whatever validity it otherwise has between the parties. Because of the limitations of RSA 458:19, the Court could not have incorporated it in its decree and it was therefore proper not to have incorporated it into the stipulation.

A decree could not have been entered in accordance with the supplemental agreement because of RSA 458:19. Neither was the agreement subject to modification by the Court under the statute. *Schillander* v. *Schillander*, 307 Mass. 96; Annot. 48 A.L.R. 2d 318, 321. See *Wallace* v. *Wallace*, 74 N. H. 256. When Herbert's motion for modification was filed there was no effective order in existence to which it could apply.

The Trial Court could have dismissed the motion because there was no order to be modified and because he was without power to modify the private agreement between the parties. Instead he heard the parties and entered an order that Herbert continue payments of $40 per week. It appears that the Trial Court treated the matter as though Herbert were seeking a modification of an existing order and entered an order in the same amount as provided for in the decree of January 5, 1956 because Herbert did not show a change in circumstances substantial enough for a modification. See *Peterson* v. *Buxton*, 108 N. H. 77, and *Fortuna* v. *Fortuna*, 103 N. H. 547.

However, on the issue whether an order which has terminated in accordance with RSA 458:19 should be extended or renewed, either in modified or unmodified form, the burden is upon the party in whose favor the order is to run to establish that justice requires a renewal or extension, and if so, what justice requires as to amount. The effect of section 19 is to bring up such orders for reconsideration at the expiration of three years, at which time the Court has the power to enter such order "as may be deemed just" ( RSA 458:19; *Bradley* v. *Bradley*, 92 N. H. 70 ) in the light of all the circumstances then existing. While the supplemental agreement could not affect this power of the Court ( *LeBeau* v. *LeBeau*, 80 N. H. 139; *Wallace* v. *Wallace, supra* ), it is one of the circumstances among all the others which may be considered by the Court in determining what, if any, order should be made

with respect to an extension, renewal or modification. *Barber* v. *Barber*, 92 N. H. 523.

Because of the unique circumstances, the Trial Judge placed the burden of proof upon Herbert instead of upon Olive on the question whether a new order should be entered under RSA 458:19. For this reason, the case must be remanded for reconsideration by the Trial Court.

*Remanded.*

All concurred.