Strafford,
No. 6180.

DORIS I. STONE

*v.*

ROY E. STONE

April 30, 1971.

*Hartnett & Moher*, by brief, for the plaintiff.

*Fisher, Parsons, Moran & Temple* and *Robert E. Fisher* ( *Mr. Fisher* orally ) for the defendant.

LAMPRON, J. Petition to renew an order for support first made on May 24, 1961 in a decree of legal separation. RSA 458:26, 27. Various orders and amendments followed, the last of which ordered the defendant to pay $35 per week toward the support of the plaintiff. As this order was made on May 19, 1964 when the children of the parties had reached the age of majority it was effective for not more than three years from its date unless "renewed, modified or extended if justice requires." RSA 458:19. However, the husband continued making these support payments beyond the expiration date of May 19, 1967, that is, through December 30, 1969.

·Thereafter plaintiff filed a "petition to renew support" asking that the defendant be ordered to pay 17 weeks of arrearage in the amount of $595 and that he be ordered to resume the support payments in the same weekly amount. Defendant was brought before *Leahy*, C.J. who made the following order on March 3, 1970: "Under provisions of RSA 458:19 order expired. Found not in contempt." Thereafter defendant moved that plaintiff's petition to renew support be, dismissed. This motion was denied on September 14, 1970 by *Flynn*, J. who reserved and transferred defendant's exception thereto.

The defendant contends that the doctrine of res adjudicata bars the plaintiff from any further right to support because of the previous finding that he was not in contempt. The basis for a finding of contempt is the wilful disobedience by the party charged of an existing court order. 24 Am. Jur. 2d Divorce and Separation *s.* 754 ( 1966 ). The order sought to be enforced having expired by operation ·of RSA 458:19, there was no basis for a finding of contempt. *Taylor* v. *Taylor*, 108 N.H. 193, 195, 230 A.2d 737, 739 ( 1967 ). The contempt proceeding, however, did not open for consideration the basis or merits of the prior orders for support nor the issue of whether justice required a renewal, modification or extension of the expired support order. *Bradley* v. *Bradley*, 92 N.H. 70, 24 A.2d 605 ( 1942 ); *Madsen* v. *Madsen*, 109 N.H. 457, 255 A.2d 604 ( 1969 ); *Socony Mobil Oil Co.* v. *Northern Oil Co.*, 126 Vt. 160, 164, 225 A.2d 60, 63 ( 1966 ).

That part of the plaintiff's petition seeking a renewal of support is a different claim or demand than that seeking to have the defendant held in contempt for failure to comply with the prior order. Consequently the judgment for defendant therein operated as an estoppel only as to the matters there in issue, that is, whether the defendant was in wilful violation of an existing order for support. *Mozick* v. *Mozick*, 245 A.2d 643, 645 ( D.C. Ct. App. 1968 ); Vestal, Res Judicata/Preclusion 194 ( 1969 ).

Defendant's contention that his motion to dismiss should have been granted because plaintiff was guilty of laches is invalid. Whether the fact that she waited approximately three years before seeking a renewal of the support order should be a bar is a matter to be decided by the trial court on the evidence presented. *Wellington* v. *Wellington*, 88 N.H. 482, 192 A. 153 ( 1937 ). His final contention that the dismissal should have been granted because plaintiff's petition failed to offer evidence of any facts to

satisfy her burden of proving her need for support is also without merit. The need established by the prior orders is sufficient to sustain her petition although on the hearing plaintiff will have to sustain the burden of proving that justice requires a renewal or extension and the amount of the order. *Taylor* v. *Taylor*, 108 N.H. 193, 195, 230 A.2d 737, 739 ( 1967 ); *see* 24 Am. Jur. 2d Divorce and Separation *s.* 662, at 779 ( 1966 ).

*Exception overruled.*

All concurred.