Rockingham,
No. 6197.

MARY K. MADSEN

*v.*

HARRY V. MADSEN

October 5, 1971.

*Perkins, Holland, Donovan & Beckett* ( *Mr. Robert B. Donovan* orally ) for the plaintiff.

*Scammon, Gage & Whitman* ( *Mr. Robert G. Whitman* orally ) for the defendant.

DUNCAN, J. This case comes before the court for a second time upon an exception by the defendant to an order of the superior court renewing a prior order which required the defendant to pay to the plaintiff, his former wife, the sum of $300 per month for her support. RSA 458:19; *see Madsen* v. *Madsen,* 106 N.H. 267, 209 A.2d 728 ( 1965 ); *Madsen* v. *Madsen,* 109 N.H. 457, 255 A.2d 604 ( 1969 ). The relative situations of the parties, who are now in their mid-forties, remain substantially as described in the prior opinions.

While it was open to the trial court to decline to exercise its continuing jurisdiction, since each party is now a resident of another state ( *Madsen* v. *Madsen,* 109 N.H. 457, 255 A.2d 604 ( 1969 ); Restatement ( Second ) of Conflict of Laws *s.* 26, comments *a, g* and illustrations 9 & 10 ( 1971 ) ), the court did not err in

denying the defendant's motion asking it to do so. The plaintiff resides in Florida, and justice does not require that she seek relief in Virginia where the defendant now resides, in preference to New Hampshire where the proceedings originated. *See Sheffield* v. *Sheffield,* 207 Va. 288, 148 S.E.2d 771 ( 1966 ).

Doubtless in enacting RSA 458:19 the legislature considered that in many cases of childless marriages terminating in divorce a period of three or six years will suffice to enable a wife to establish her own source of income, so that an allowance from her former husband should reasonably be discontinued.

In the case before us however the circumstances findably were such as to warrant renewal of the prior order beyond the period of six years. In concluding that the order should again be extended for three years, the trial court was called upon to consider, among other things, the circumstances surrounding the 1961 divorce, including the defendant's agreement with the plaintiff that he would make payments for her support during her lifetime or until her remarriage, in amounts which should increase as his income increased; and that since the last previous hearing, while the plaintiff's earned income had increased from $6600 to about $10,000, the defendant's earned income had also risen from $29,000 in 1967 to $38,640 in 1969, and $24,450 for six and one-half months in 1970.

We agree with the defendant that the policy which prompted enactment of RSA 458:19 requires considerations not present in cases where the only relief sought is modification of a support order upon the ground of changed circumstances. Because of the statute the plaintiff is not entitled to enforce the defendant's agreement to support her for life or until remarriage. *Madsen* v. *Madsen,* 109 N.H. 457, 255 A.2d 604 ( 1969 ); *Taylor* v. *Taylor,* 108 N.H. 193, 230 A.2d 737 ( 1967 ); *see Stone* v. *Stone,* 111 N.H. 167, 276 A.2d 924. But the ruling by the trial court that the burden of proof rested upon the plaintiff to show that justice required extension of the prior order indicates that there was no misapprehension by the court that the order should be automatically renewed "unless the payor [were] overtaken by disaster," as defendant suggests.

The trial court's finding that justice required a renewal of the order for another three years cannot be held an abuse of dis-

cretion in view of the circumstances of the parties disclosed by the record.

*Defendant's exceptions overruled.*

GRIMES, J. concurred in the result; the others concurred.