Strafford,
No. 6480.

MARGARET M. MORPHY

*v.*

T. HARVEY MORPHY.

December 29, 1972.

*Catalfo & Krans* (*Mr. Alfred Catalfo, Jr.* orally) for the plaintiff.

*Fisher, Parsons, Moran & Temple* (*Mr. Harold D. Moran* orally) for the defendant.

KENISON, C.J. This is a contempt proceeding involving the questions of whether an unrenewed alimony order can

support a contempt citation when payments are stopped after the order has expired under RSA 458:19, and whether the court can renew and extend the order in such a proceeding in the absence of notification to the defendant that the renewal issue would be considered at that hearing.

Plaintiff initiated her contempt proceeding in Strafford County Superior Court in November 1971 to enforce an order for the payment of alimony effective July 3, 1962, and a hearing was held thereon before *King,* J. on May 2, 1972. Defendant's motion to dismiss the petition on the basis that the order had expired after three years pursuant to RSA 458:19 was denied, the court holding that the original order was still in effect and ordering defendant to pay all support arrearages within ten days subject to being held in contempt. Plaintiff duly objected, and the questions of law were reserved and transferred to this court.

The parties were divorced on July 3, 1962, by decree of the Strafford County Superior Court which incorporated their stipulation providing in part for the payment by the defendant to the plaintiff of seventy-five dollars per week until her remarriage. The parties had no children and plaintiff has since remained unmarried. With one interruption in 1965, cured by Mrs. Morphy's filing and subsequently withdrawing a petition for contempt, Mr. Morphy continued the weekly payments until July 1971. Mrs. Morphy filed a "Petition to Renew Support Order" under the statute on August 31, 1971, and Mr. Morphy thereafter resumed the payments until October 1971, from which time he has made no further payments. Mrs. Morphy retained a new attorney in November 1971, who filed a contempt petition at that time and who, after considerable effort, finally obtained service of process upon the defendant who had moved his residence to Maine after the divorce. On February 10, 1972, Mrs. Morphy's previous attorney filed a request with the court for the voluntary dismissal of the original renewal petition, and the hearing on the contempt petition was held on May 2, 1972. The court's order of May 8, 1972, provided in part: "The Court holds that justice and equity require that the order of this Court dated June 1, 1962 is still in effect; ... Any actions of counsel or docket markings contrary to the

terms of this order are modified to conform with this order. That the [defendant] is ordered to make payment of all arrearages to date and continue support payments as required by the Court order of June 1, 1962 within ten days of the date of this order, subject to being held in contempt." Defendant failed to pay the arrearages and was adjudged in contempt on May 18.

"RSA 458:19 provides that if there are no children involved, orders for the support of the wife 'shall be effective for not more than three years from date thereof, but such order may be renewed, modified or extended if justice requires for periods of not more than three years at a time.' . . . The order for support in this case therefore, not having been 'renewed, modified or extended' expired at the end of three years." Taylor v. Taylor, 108 N.H. 193, 194, 230 A.2d 737, 738 (1967); accord, Stone v. Stone, 111 N.H. 167, 276 A.2d 924 (1971). The support order in this case therefore expired in 1965.

Nor does the original stipulation providing for the continuance of the support payments until the remarriage of the plaintiff affect the expiration of the order. "The plaintiff requested the Court to find and rule that the original stipulation . . . was binding on the Court in this proceeding. This request was denied and correctly so. The stipulation was not binding and conclusive in view of the specific provisions of RSA 458:19 but the stipulation was a factor which the Court may take into account in determining the terms of the modified decree. Taylor v. Taylor, 108 N.H. 193; Madsen v. Madsen, 106 N.H. 267, 269 [hereinafter cited as Madsen I]; Collette v. Collette, 108 N.H. 469." Madsen v. Madsen, 109 N.H. 457, 459, 255 A.2d 604, 605 (1969) (hereinafter cited as Madsen II); accord, Madsen v. Madsen, 111 N.H. 315, 282 A.2d 667 (1971) (hereinafter cited as Madsen III).

Since the support order had expired before the defendant ceased making his support payments, he could not thereby be found in contempt of that order, nor could he be liable for "arrearages" based upon that order. Moreover, "[t]he contempt proceeding . . . did not open for consideration the basis or merits of the prior orders for support nor the issue of whether justice required a renewal, modification or exten-

sion of the expired support order." *Stone* v. *Stone,* 111 N.H. 167, 168, 276 A.2d 924, 925 (1971).

The defendant apparently had no notice that the question of the extension of the support order would be in issue at the contempt hearing. Plaintiff failed to raise the support renewal issue in the contempt petition and had in fact voluntarily dismissed the pending renewal petition some three months prior to the hearing on the contempt petition. Defendant was thus justifiably unprepared to meet the issue when raised at the hearing. *DiPietro* v. Lavigne, 98 N.H. 294, 295, 99 A.2d 413, 414 (1953).

The very purpose underlying the three-year renewal statute is to require the court to reexamine periodically "all the circumstances then existing" to assure that justice between the parties is maintained in the face of changing circumstances. *Calderwood* v. *Calderwood,* 112 N.H. 355, 296 A.2d 910, (1972); *see Taylor* v. *Taylor,* 108 N.H. 193, 195, 230 A.2d 737, 739 (1967). The defendant must be allowed to prepare for the many factual issues involved in such a hearing. "[A]ll questions as to alimony which were open [at the original divorce proceeding] are open now for decision upon all the competent evidence that may be offered, including the prior agreement of the parties, whatever it may have been." *Wallace* v. *Wallace,* 74 N.H. 256, 260, 67 A. 580, 582 (1907); *accord, Madsen* III *supra.*

Although the support order renewal issue was thus not properly before the trial court at the hearing on the contempt petition, the court may in its discretion allow the plaintiff to amend the petition to include the renewal issue. RSA 514:9; *Staltare* v. *Granite State Ins. Co.,* 107 N.H. 6, 216 A.2d 793 (1966); *Morency* v. *Plourde,* 96 N.H. 344, 76 A.2d 791 (1950); *see* Superior Court Rule 24. A hearing may then be held on the issue in due course after service of the amended petition upon the defendant, by mail or other means reasonably calculated to give the defendant actual notice of the issue and the hearing. *Mauzy* v. *Mauzy,* 97 N.H. 514, 516, 92 A.2d 908, 910 (1952); *Tvardek* v. *Tvardek,* 257 Md. 88, 261 A.2d 762 (1970); Annot., 62 A.L.R.2d 544 (1958). Amendments may be allowed to cure a defective form of action as in the present case (*Lambert* v. *Lambert,* 96 N.H. 376, 77 A.2d 34

(1950); *Hanford* v. *Clancy,* 87 N.H. 458, 183 A. 271 (1936)), and in this case the amendment may be given retroactive effect to the filing date of the November 1971 petition if justice so requires. *Edgewood Civic Club* v. *Blaisdell,* 95 N.H. 244, 247, 61 A.2d 517, 519 (1948); *Whitney* v. *Hood & Sons,* 88 N.H. 483, 192 A. 493 (1937); *Brown* v. *Brockway,* 87 N.H. 342, 343, 179 A. 411, 412 (1935).

We thus conclude that both the orders of May 8 and May 18 must be vacated in view of our ruling that the original support order, having expired in 1965, could not support a contempt adjudication, and because of our conclusion that the defendant received inadequate notice of the renewal issue.

*Defendant's exception sustained; remanded.*

All concurred.