Rockingham
No. 7798

NILES A. CLEVESY

v.

BARBARA A. CLEVESY

March 10, 1978

*John B. Ford,* of Salem, orally for the plaintiff.

*Junkins & Gillis,* of Hampton (*Seth M. Junkins* orally), for the defendant.

GOODE, J. (By special assignment pursuant to RSA 490:3.) This is an appeal from a denial of a contempt petition brought by Barbara Clevesy against Niles Clevesy for nonpayment of alimony. The parties were divorced on Niles Clevesy's libel by a decree that incorporated a stipulation agreed to on October 10, 1973. The stipulation was silent on child custody and support but did allocate certain property and establish an alimony payment schedule. The decree was entered on November 6, 1973, and has twice been modified. On March 25, 1976, Niles Clevesy moved for a reduction of alimony and an order that alimony be terminated October 10, 1976, which was three years from the execution of the stipulation. The court took no action on the request for termination but did order that alimony be reduced to $75 per week. The modification order specifically stated that it was only an amendment of paragraph 2 of the stipulation, affecting no other part. Paragraph 2 reads: "The libellant shall pay as alimony to the libellee the sum of $125.00 per week beginning on November 9, 1973. Said payments shall be reduced to the amount of $100.00 per week which shall commence on the first Friday in September 1974." A second modification reducing payments to $50 per week was ordered on May 5, 1976. It, too, was expressly limited as an amendment of paragraph 2.

On December 23, 1976, Barbara Clevesy brought a petition to have Niles Clevesy held in contempt for nonpayment of alimony. No payments had been made since the third anniversary of the execution of the stipulation. The Court (*Mullavey*, J.) denied the petition and this appeal followed.

■ The original decree did not order child support or award custody and therefore did not involve minor children. *Lund v. Lund*, 96 N.H. 283, 74 A.2d 557 (1950). Its duration is subject to the three-year limitation of RSA 458:19, and unless the party seeking the benefits of alimony petitions for "renewal, modification or extension" the order automatically terminates at the end of three years. *Lund v. Lund supra; Taylor v. Taylor*, 108 N.H. 193, 230 A.2d 737 (1967); *Morphy v. Morphy*, 112 N.H. 507, 298 A.2d 580 (1972). Had no petition for modification been brought, the order would have expired after three years and defendant's nonpayment would not have been contumacious. The dispositive issue is, therefore, whether a modification order has a three-year life of its own which would obligate the defendant in this action to pay alimony until May 5, 1979.

■ A court has statutory authority to "renew, modify or extend" an order if "justice requires"—but only for "periods of not more than three years at a time . . . ." RSA 458:19. We are not persuaded on the state of the record that the trial court exercised its authority to extend the original decree in either the April 30 or May 6 modification. The record shows that neither party raised the question of extension at either proceeding and nothing in the court's order indicates that it considered anything but the amount of weekly payments. If "justice required" extension, nothing in this record indicates it. By its terms, each modification order first reduced the weekly obligation and then limited the effect of the order as follows: "This order shall be an amendment to Paragraph 2 of the stipulation entered into between the parties on October 10, 1973. *In all other respects* the stipulation and order incorporated therein shall continue in force and effect until further order of the court." (Emphasis added.) Because no mention of the time was made, and because paragraph 2 of the stipulation referred to in the order is itself silent on duration, we find that the court did not extend the initial order.

■■ Plaintiff, nonetheless, maintains that an order for modification automatically extends the alimony obligation for a three-year period. The statute contemplates expiration of an alimony order at the end of three years, *Taylor v. Taylor*, 108 N.H. 193, 230 A.2d 737 (1967), but allows the court to renew, modify or extend the order as justice may require. That RSA 458:19 specifically grants discretionary authority to "extend" an order as "justice requires" militates strongly against interpreting the same section to require the mechanical result of an automatic three-year extension after a modification order. As this court recognized in *Morphy v. Morphy*, 112 N.H. 507, 298 A.2d 580 (1972), the issues raised by a request for an extension are distinctive enough to require notice that extension will be the subject at a hearing. Because issues relevant to the granting of an extension might be inadequately considered on a petition to modify the amount of alimony, we hold that the legislature did not intend an automatic extension.

■ One of the basic purposes of RSA 458:19 is to eliminate rigidity in the administration of domestic orders. It recognizes that as circumstances change the parties should not be bound by orders predicated upon conditions no longer in existence or rele-

vant. *Morphy v. Morphy,* 112 N.H. at 510, 298 A.2d at 582; *Calder-wood v. Calderwood,* 112 N.H. 355, 296 A.2d 910 (1972). An automatic extension by modification of amount would exact a penalty from the successful plaintiff, thus creating a deterrent to an obligor who justly deserves modification of an order. We avoid this result by holding that no extension results from a modification order. Since there was no order in effect after November 6, 1976, the trial court correctly ruled that defendant's nonpayment did not constitute contempt.

*Exceptions overruled.*

LAMPRON and DOUGLAS, JJ., did not sit; BROCK, J., sat by special assignment pursuant to RSA 490:3; the others concurred.