RUTH HOMEWOOD vs. RICHARD H. HOMEWOOD.

Essex. March 13, 1981. — May 26, 1981.

Present: GRANT, CUTTER, & KASS, JJ.

*Divorce,* Alimony. *Statute,* Construction.

The three-year limit on alimony payments to a former wife in cases in
which "no children are involved" or "the children have reached the
age of majority," as set forth in N.H. Rev. Stat. Ann. § 458:19 (1968),
did not apply to terminate an alimony order three years after the only
child of a divorced couple attained majority where the child was a
minor at the time the alimony order was made. [866-868]

CIVIL ACTION commenced in the Probate Court for the
county of Essex on October 20, 1977.

A complaint for contempt, filed on March 17, 1980, was
heard by *Sullivan,* J.

*Ignatius R. J. Piscitello (Thaddeus J. Palys* with him) for
the plaintiff.

*Stephen R. Duly* for the defendant.

KASS, J. Under the provisions of New Hampshire Rev.
Stat. Ann. § 458:19 (1968) (the text of which is set forth in
the margin),[1] that State places a three-year limit on alimony
payments to the wife of a couple which has no minor chil-
dren. Unless an order for alimony is renewed, modified or

---

[1] "Upon a decree of nullity or divorce, the court may restore to the wife
all or any part of her estate, and may assign to her such part of the estate
of her husband, or order him to pay such sum of money, as may be
deemed just, provided that in cases in which no children are involved, or
in which the children have reached the age of majority, said order shall be
effective for not more than three years from the date thereof, but such
order may be renewed, modified or extended if justice requires for periods
of not more than three years at a time; and may compel the husband to
disclose, under oath, the situation of his property; and before or after the
decree, may make such orders and use such process as may be necessary."

extended by the court, the obligation to pay alimony expires after three years. We reverse a judgment of a Probate Court which applied the New Hampshire statute so as to cut off alimony (paid pursuant to an order of the Superior Court of New Hampshire) three years after the only minor child of a couple attained majority.

In the case before us, the New Hampshire court made an order for alimony and child support on March 15, 1976. That order was amended as to alimony (by increasing it) on May 10, 1977, and as to child support payments (by eliminating them) on May 11, 1977.

The only child of Richard Homewood (Richard) and Ruth Homewood (Ruth) had attained majority on October 12, 1976, and three years from that date, i.e., on October 12, 1979, Richard stopped making alimony payments. Meanwhile, Richard and Ruth had each separately moved to Massachusetts. Ruth brought an action in the Probate Court to have Richard adjudged in contempt for failure to pay alimony in accordance with the order of the New Hampshire court.[2] A Probate Court may enforce a foreign judgment for alimony. G. L. c. 208, § 35, as amended through St. 1975, c. 400, § 36. See *DeGategno* v. *De Gategno,* 336 Mass. 426, 428 (1957); *Lorant* v. *Lorant,* 366 Mass. 380, 386 (1974). Compare *Gosselin* v. *Gosselin,* 1 Mass. App. Ct. 146, 149 (1973).

Richard defended on the ground that upon that date when he and Ruth no longer had minor children, the three-year limitation on alimony orders appearing in N.H. Rev. Stat. Ann. § 458:19 began to operate and that he was, therefore, now free of his obligations under the alimony order of the New Hampshire court. The probate judge ruled that N.H. Rev. Stat. Ann. § 458:19, indeed, caused the order for alimony to end automatically three years after

---

[2] The complaint for contempt actually made reference to a prior order of a different probate judge dated October 4, 1979, which enforced compliance with the New Hampshire judgment. The continuing force of that order, however, depended on the force of the underlying New Hampshire judgment.

the Homewoods' daughter reached majority. Accordingly, the probate judge entered judgment dismissing the complaint for contempt and Ruth appealed, thus launching us on an excursion into the law of our sister State.

New Hampshire courts apply familiar rules for the construction of statutes. Where the language of a statute is plain and unambiguous, there is no need to look beyond the language of the statute to discern its meaning. *Silva* v. *Botsch*, 120 N.H. 600, 601 (1980). A phrase and a section of a statute may not be considered in isolation from the rest of the statute, *Costoras* v. *Noel*, 100 N.H. 81, 83 (1956), and words must be given their ordinary meaning unless the context suggests otherwise. *Martin* v. *Gardner Mach. Works, Inc.*, 120 N.H. 433, 435 (1980). Applying those rules of construction, we observe that the three-year limitation on the life of alimony orders as set out in N.H. Rev. Stat. Ann. § 458:19 applies only where: "no children *are* involved" or where "the children *have reached* the age of majority" (emphasis supplied). On its face, the three-year limitation, which is cast in terms of a proviso, limits the life of an alimony order to those cases in which the divorced couple has no minor children at the time the order for alimony is made. Adoption of Richard's position requires reading into the statute a phrase to the effect that the order for alimony shall also lapse three years after the child or the youngest child (if there is more than one) of the divorced couple reaches majority. This is language which the New Hampshire Legislature chose not to include. See *Sigel* v. *Boston & Me. R.R.*, 107 N.H. 8, 23 (1966).

We have canvassed decisions of the Supreme Court of New Hampshire construing N.H. Rev. Stat. Ann. § 458:19, and they support our "plain words" reading of the statute. That court has written that it is the purpose of the three-year provision of the statute "to provide a periodic review of the needs and resources of the parties." *Calderwood* v. *Calderwood*, 112 N.H. 355, 358 (1972). This is in recognition of a legislative determination that "in many cases of childless marriages terminating in divorce a period of three

. . . years will suffice to enable a wife to establish her own source of income, so that an allowance from her former husband should reasonably be discontinued." *Madsen* v. *Madsen,* 111 N.H. 315, 316 (1971). That reexamination occurs "in the light of the changing needs and financial circumstances of the parties," *Calderwood* v. *Calderwood,* 112 N.H. at 357, but with a view "that the parties develop independent economic lives." *Calderwood* v. *Calderwood,* 114 N.H. 651, 654 (1974). But, "[w]here the decree affects both wife and child, the three year time limit is not effective." *Lund* v. *Lund,* 96 N.H. 283, 285 (1950). See also *Angwin* v. *Angwin,* 103 N.H. 531, 533 (1961), in which the court wrote, "The case was one in which children were involved and hence the order for support did not come within the three-year limitation." In *Ployer* v. *Ployer,* 110 N.H. 338, 338-339 (1970), a minor child of the divorced couple "became self-supporting" two months after the alimony decree, but the court held that the three-year limitation did not operate because at the time the order for alimony was made, the couple had a minor child.

Richard cannot escape the force of those decisions because the order entered by the New Hampshire Superior Court on May 11, 1977, for an increase in the alimony award of $100 per month to $100 per week was made on a date after the Homewoods' daughter attained majority. *Clevesy* v. *Clevesy,* 118 N.H. 112, 113-114 (1978), holds that it is the original decree, not a modification of it, which determines whether the three-year provision of N.H. Rev. Stat. Ann. § 458:19 applies. We are not unmindful of the decisions in *Stone* v. *Stone,* 111 N.H. 167 (1971), and *Healey* v. *Healey,* 117 N.H. 618 (1977), from which it might be inferred that the rule is otherwise. However, *Clevesy* is the most recent opinion of the Supreme Court of New Hampshire on the subject and we find compatible with our reading of the New Hampshire statute the reasoning in *Clevesy,* consistent with that in *Lund* v. *Lund,* 96 N.H. at 285, and *Morphy* v. *Morphy,* 112 N.H. 507, 510 (1972), that each order of modification ought not mechanically to

be taken as an extension of the three-year period. As the court noted in *Clevesy,* the question of extension of the three-year period is distinctive enough to require notice that it will be a subject at a hearing. That reasoning applies with equal force to the commencement of a three-year limit where none existed before. For cases in which a couple was childless at the time of the original decree and as to which the three-year provision, therefore, applied, see *Taylor* v. *Taylor,* 108 N.H. 193, 194 (1967); *Paine* v. *Paine,* 119 N.H. 874, 875 (1979).

Since the three-year limitation of N.H. Rev. Stat. Ann. § 458:19 did not apply, it was error to dismiss the complaint for contempt.

*Judgment reversed.*