NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

10th Circuit-Brentwood Family Division
Nos. 2020-0029
2020-0313


IN THE MATTER OF JAMES R. BRITTON AND PATRICIA F. BRITTON

Argued: March 31, 2021
Opinion Issued: January 5, 2022


Jonathan M. Flagg, of Portsmouth, by brief and orally, for the petitioner.


Devine, Millimet & Branch, Professional Association, of Manchester (Pamela A. Peterson on the brief and orally), for the respondent.


HANTZ MARCONI, J. The petitioner, James R. Britton, appeals two orders of the Circuit Court (LeFrancois, J.) denying his request to terminate alimony and granting the requests of the respondent, Patricia F. Britton, for contempt for nonpayment of alimony and renewal of alimony. We affirm in part and reverse in part.

I

The parties were divorced in 1985 pursuant to a final divorce decree, which incorporated the parties' permanent stipulation. The stipulation provided that the petitioner would pay $400 per week in alimony until the

respondent died or reached the age of 65.  After the respondent turned 65, the stipulation provided that the petitioner would pay her $200 per week in alimony until the death of either the petitioner or the respondent.

In 2016, the respondent filed a petition to bring forward and for contempt, alleging that the petitioner stopped paying alimony.  The parties agreed to resolve the matter by stipulation (the 2016 stipulation).  The trial court approved the 2016 stipulation, converting it into a court order.  Thereafter, the petitioner resumed making $200 weekly payments to the respondent until April 2018.  In June 2018, the petitioner filed a motion for modification requesting termination of the alimony award, alleging that he had a substantial decrease in income.  In July 2018, the respondent filed a motion for contempt.  The trial court held a final hearing on the merits on August 28, 2019.

In November 2019, the trial court issued an order that denied the petitioner's request to terminate alimony and granted the respondent's request to hold the petitioner in contempt for failing to pay alimony.  The trial court observed that the 1983 version of RSA 458:19 applied to the parties' divorce decree, and that it limited alimony to a period of three years unless the order was "renewed, modified, or extended" for an additional three years.  See RSA 458:19 (1983).  The trial court construed the 2016 stipulation as an extension of alimony for three years from October 2016 to October 2019.  The trial court also determined that the petitioner "has not carried his burden of proof to terminate alimony" because he "has not established that he cannot continue to pay alimony of $200 per week," and that the respondent's "circumstances have not changed dramatically since her divorce in 1985."

In the November order, the trial court observed that the respondent had made an oral motion for renewed alimony at the beginning of the August 28 hearing on the merits, but the court deferred ruling on the motion.  The respondent then filed a written motion, and the petitioner filed a written objection.  Initially, the petitioner requested an additional hearing; however, the parties agreed to have the court decide the motion on the record presented.  In a separate order, the trial court again found that the 1983 version of RSA 458:19 was applicable to the respondent's motion and awarded her three years of renewed alimony, from October 2019 to October 2022, in the amount of $200 per week.  This appeal followed.

II

We first consider the petitioner's appeal of the trial court's decision on his motion for modification and the respondent's motion for contempt.  The petitioner argues that the trial court erred as a matter of law when it found that the 1983 version of RSA 458:19 did not terminate his alimony obligations in 1988 and held him in contempt for discontinuing payments in 2018.  The

2

respondent argues that even if the 1983 version of RSA 458:19 limits an alimony order to a three-year duration, the petitioner waived any claim to recover the overpayment of alimony by agreeing to the stipulation, paying alimony for thirty years, and reaffirming his obligation with a new stipulation in 2016. Both parties agree that the 1983 version of RSA 458:19 applies to the parties' original divorce decree.

The 1983 version of RSA 458:19 provides:

Upon a decree of nullity or divorce, the court may restore to the wife all or any part of her estate, and may assign to her such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just, provided that in cases in which no children are involved, or in which the children have reached the age of majority, the order shall be effective for not more than 3 years . . . . However, such order may be renewed, modified or extended if justice requires for periods of not more than 3 years at a time; and may compel the husband to disclose, under oath, the situation of his property; and before or after the decree, may make such orders and use such process as may be necessary.

We have previously held that an obligation to pay alimony under this version of the statute automatically expired after three years unless renewed, modified, or extended. See In the Matter of Canaway & Canaway, 161 N.H. 286, 291 (2010). Furthermore, we have held that a stipulation providing for a term of alimony beyond the three-year limit does not override the statutory expiration of the alimony obligation. See Morphy v. Morphy, 112 N.H. 507, 509 (1972) (Morphy I). As a result, because the original alimony award was first entered in 1985, we conclude that the petitioner's alimony obligations expired in 1988.

Likewise, we conclude that the court order approving the 2016 stipulation did not serve to renew or extend the 1985 alimony award. See In the Matter of Goulart & Goulart, 158 N.H. 328, 330 (2009) ("The superior court's . . . approval of the parties' stipulated parenting plan made the stipulation an order."). We reject the trial court's characterization of the 2016 stipulation as an extension of alimony. The parties expressly stated in the 2016 stipulation that its purpose was to resolve the respondent's petition to bring forward, to enforce the 1985 divorce decree, and for contempt. Nothing in the 2016 stipulation purports to extend or renew alimony; in fact, the only provision referencing alimony provides that the petitioner "shall pay any and all future weekly alimony payments to [the respondent] in a timely manner via the office at Exeter River Landing." The 2016 stipulation does not state an amount of alimony, but the petitioner paid, and the respondent accepted, $200 per week, indicating that the parties believed that the 1985 alimony award remained in force. The 2016 stipulation did not renew or extend the 1985 alimony award, but merely resolved the respondent's pending petition under an

erroneous understanding that the original alimony award was still in effect. Accordingly, we agree with the petitioner that the 2016 stipulation did not serve to renew or extend the 1985 alimony award. See Morphy I, 112 N.H. at 509.

We have previously held that, when an alimony award has expired by statute, the payor cannot be held in contempt or ordered to pay arrearages. Id. Since we have concluded that the petitioner's obligation to pay alimony expired in 1988, we hold that the trial court erred in finding the petitioner in contempt of the 2016 stipulation and order. See, e.g., Goulart, 158 N.H. at 332 (finding that it was plain error based on mistake of law for the family court to enforce a provision of the divorcing parties' court-approved stipulation because it was unenforceable by statute).

In addition, because we conclude that the trial court erred in holding the petitioner in contempt, and because the trial court set forth no alternative reason that attorney's fees should be awarded, we likewise conclude that the trial court erred when it awarded attorney's fees to the respondent on the motion for contempt. See DePalantino v. DePalantino, 139 N.H. 522, 526 (1995) (reversing the trial court's award of attorney's fees because the favorable ruling had been overturned and the trial court had made no other finding to support awarding attorney's fees).

The petitioner next argues that the trial court erred when it declined to order reimbursement from the respondent or, in the alternative, credit the overpayment toward his future alimony obligations. As noted above, the petitioner did not have an obligation to pay alimony after the alimony award expired in 1988. As a result, the amounts the petitioner paid in error based on the mistaken belief that the 1985 alimony order remained in effect were not required and were, therefore, voluntary. Absent fraud, "money voluntarily paid under a mistake of law cannot be recovered." Harding v. Hewes, 87 N.H. 488, 488 (1935); see also Mullins v. O'Brien, 93 N.H. 118, 118-19 (1944) ("A person who has conferred a benefit upon another induced thereto by a mistake of law, is entitled to restitution thereof if his mistake was caused by reliance upon a fraudulent misrepresentation of the law by the other."). The petitioner has not made any allegation of fraud. As a result, the petitioner is not entitled to reimbursement for any of the sums he paid to the respondent between 1988 and 2018. Harding, 87 N.H. at 488.

Nor are we persuaded by the petitioner's argument that the trial court erred by denying his request for credit for payments made between 1988 and 2018 toward any future alimony obligations. Even assuming, without deciding, that the trial court had discretion to allow such credit, the trial court made numerous findings concerning the respondent's ongoing need for continued alimony support. Thus, the trial court implicitly concluded that crediting voluntary payments toward future alimony obligations would not meet the

4

respondent's need. Accordingly, we conclude that the trial court did not unsustainably exercise its discretion in declining to order reimbursement or credit of sums paid between 1988 and 2018.

The petitioner also argues that the trial court erred when it failed to credit property valued at $125,000 that he had given to the respondent in 1991. This argument is not sufficiently developed, and we decline to consider it on appeal. See White v. Augur, 171 N.H. 660, 665 (2019).

III

We next consider the petitioner's challenge to the trial court's order on the respondent's motion to renew alimony. We will first address the petitioner's procedural arguments before turning to the merits of his appeal.

First, the petitioner argues that the trial court erred when it allowed the respondent to file a motion to renew alimony after the August 28 hearing without filing a new petition and serving notice on the petitioner. The trial court noted that the respondent made an oral motion to renew alimony at the August 28 hearing, that she subsequently filed a written motion, that the petitioner filed a written objection and requested a new hearing, which the trial court granted. The parties thereafter agreed that the trial court should decide the motion to renew on the record presented at the August 28 hearing, and the petitioner withdrew his hearing request.

"As good cause appears and as justice may require, the family division may waive the application of any rule, except where prohibited by law." N.H. Fam. Div. R. 1; cf. Sabinson v. Trustees of Dartmouth College, 160 N.H. 452, 461 (2010) ("The power of the judiciary to control its own proceedings, the conduct of participants, the actions of officers of the court and the environment of the court is absolutely necessary for a court to function effectively and do its job of administering justice." (quotation omitted)). Thus, even assuming the proper procedure to request renewal would have been the filing of a new petition, given that the petitioner was clearly put on notice of the motion, was able to respond to the written motion, and was granted an opportunity to be heard, we cannot say that he was prejudiced by the trial court's decision to allow the motion to be heard in the same proceeding, which had not yet concluded. Therefore, we conclude that the trial court did not unsustainably exercise its discretion in allowing the respondent to bring the motion to renew alimony in this manner. Sabinson, 160 N.H. at 461 ("[T]he trial court enjoys the discretion to regulate the proceedings before it.").

Next, despite his reliance on the 1983 version of RSA 458:19 to support his arguments above, the petitioner contends that the trial court should have applied the 2019 version of RSA 458:19 to the respondent's motion to renew alimony. In essence, the petitioner seeks to apply the five-year limit on

5

motions to renew alimony that is present in the 2019 version of RSA 458:19 but absent from the 1983 version of RSA 458:19.  The trial court found that the 1983 version of RSA 458:19 applied to the respondent's motion.  We agree.

The petitioner's argument requires us to engage in statutory interpretation.  The interpretation of a statute is a question of law.  State v. Costella, 166 N.H. 705, 709 (2014).  When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used.  Id.  RSA 458:19 was amended in 2018 by Senate Bill 71.  Laws 2018, ch. 310.  Senate Bill 71 contains an express provision that establishes when the amended statute becomes effective and when it can be applied retroactively.  Laws 2018, 310:6.  It states:

> 310:6 Applicability.
>
> I. This act shall apply to all cases filed on or after January 1, 2019.
>
> II. Cases filed between the effective date of this section and January 1, 2019 shall be controlled by the law in effect on the effective date of this section unless the court in its discretion finds that adopting any or all of the provisions due to take effect on January 1, 2019 would be both equitable and consistent with the law existing as of the date of passage.
>
> III. Parties to any case filed prior to January 1, 2019 may agree to adopt some or all of the provisions of this act.

The plain language of the statute establishes that, absent agreement, the amendment to RSA 458:19 can be applied retroactively only to cases that were filed between the effective date of the amendment, June 25, 2018, and January 1, 2019.  See Laws 2018, ch. 310.  The original petition for divorce in this case was filed in 1985, well before the effective date of the amended statute.  As a result, the retroactivity provision of Chapter 310 does not apply to this case.  Accordingly, the trial court did not err when it determined that the motion for renewal should be governed by the 1983 version of RSA 458:19.

The petitioner next argues that the trial court erred as a matter of law when it found that the respondent could renew a request for alimony decades after the initial alimony award expired in 1988.  As explained above, the trial court based its decision on the erroneous conclusion that the 2016 stipulation properly renewed the alimony award that had terminated in 1988.  Thus, in order to determine whether the trial court erred in granting a renewed alimony award, we must first determine whether the 1983 version of RSA 458:19 allowed the respondent to renew her request for alimony years after the initial award had expired.

On facts that are similar to the case at bar, we have previously considered whether an individual seeking to renew alimony can do so after the initial award of alimony has expired by operation of law.  See Morphy v. Morphy, 114 N.H. 86 (1974) (Morphy II).  Morphy II involved a pre-1983 version of RSA 458:19, which contained a provision limiting alimony to three years from the initial divorce decree.  Id.  In Morphy II, we affirmed the trial court's order renewing the alimony award despite the initial alimony order expiring six years prior to the request for renewed alimony.  Id. at 88-89.  Thus, by affirming the trial court's decision to grant renewed alimony, our decision implicitly recognized that such a motion may be filed years after the original award has expired.  Id. at 88.  Contrary to the 2019 version of RSA 458:19, which establishes a five-year cut-off for requests to receive or extend alimony, and which the petitioner asks us to apply here, the 1983 version of RSA 458:19 had no such limitation.  Accordingly, we conclude that the trial court did not err when it allowed the respondent to file a motion for renewal of alimony many years after the initial alimony award expired.

Additionally, the petitioner challenges the trial court's decision to renew the $200 per week alimony award.  In reviewing the trial court's award of alimony, "we will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or legally erroneous."  In the Matter of Hoyt & Hoyt, 171 N.H. 373, 376 (2018).  We accord broad discretion to the trial court in determining and ordering alimony.  Id.  We will not overturn the trial court's factual findings based on the August 28 hearing absent an unsustainable exercise of discretion.  See id.

The trial court found that the respondent's total monthly income amounts to $2,689.10.  It found that her income is derived from Social Security and retirement distributions, as well as income from the family business paid to her or on her behalf by her sons.  The trial court found that her total monthly expenses were around $8,558, half of which is paid by her sons, but which still substantially exceeds her monthly income.  The trial court concluded that the respondent's circumstances remain substantially unchanged since the divorce in 1985, and that the $200 alimony award would still leave her with a monthly deficit.  The trial court also found that the petitioner has the ability to pay $200 per week in alimony.  It found that the petitioner had received a $250,000 cash settlement from his sons in 2018, most of which he then gave to his current wife in exchange for a promise to continue to care for him.  The trial court also found that the petitioner disposed of assets, including his house and a fishing boat, for substantial sums of money.  Though the petitioner claimed the proceeds from the sale of the house belonged to his wife, and the proceeds from the sale of the boat went to repay a loan to a friend, the trial court was not required to credit this testimony.  See In the Matter of Aube & Aube, 158 N.H. 459, 466 (2009) ("The fact finder may

7

accept or reject, in whole or in part, the testimony of any witness or party, and is not required to believe even uncontroverted evidence."). Upon review, we find that the record supports the trial court's factual findings.

Finally, the petitioner challenges the trial court's failure, when determining the parties' respective need and ability to pay, to equate the petitioner's receipt and transfer of large amounts of cash to his current wife with the respondent's estate planning in 2010, which transferred assets into a trust. Given the deferential nature of our review, we decline to disturb the trial court's factual findings on these grounds. Hoyt, 171 N.H. at 376.

Based on the foregoing, we find that the record supports the trial court's findings that the respondent had a continuing need for alimony and that the petitioner had the ability to pay. Accordingly, we hold that the trial court did not unsustainably exercise its discretion when it determined that justice required the renewal of alimony. Id.

IV

In sum, we hold that the trial court erred when it found that the alimony award did not expire in 1988 and that the 2016 stipulation was enforceable. However, we also conclude that the trial court did not err in considering and granting the respondent's motion for renewal of alimony. Accordingly, we reverse the trial court's order on the petitioner's motion for termination and on the respondent's motion for contempt and its award of attorney's fees, and we affirm the trial court's order on the respondent's motion to renew alimony.

Affirmed in part; and reversed in part.

HICKS, BASSETT, and DONOVAN, JJ., concurred.

8